DECISION
{¶ 1} Plaintiff-appellant, Norman V. Whiteside, appeals from a judgment of the Ohio Court of Claims adopting a magistrate's decision recommending judgment in favor of defendants-appellees, the Madison Correctional Institution ("MCI") and the Ohio Attorney General. Appellant filed a complaint against appellees alleging that correction officers wrongfully confiscated personal address labels and stationery, negligently handled such personal property and that an assistant attorney general made defamatory statements regarding the intended use of the labels. The defamation claim was later dismissed. Appellant sought $3,500 in damages and the return of his property. The case was tried to a magistrate on the issues of liability and damages. The magistrate found that appellant failed to prove by a preponderance of the evidence that he is entitled to relief on any of the claims presented and issued a decision on February 17, 2004.
 {¶ 2} On March 2, 2004, appellant filed a request for findings of fact and conclusions of law, which was denied because the trial court found that the magistrate's decision included factual findings and conclusions of law in sufficient detail to allow appellant to frame his objections and for the court to independently review such objections.
 {¶ 3} On March 3, 2004, appellant filed objections to the magistrate's decision. The trial court granted a motion to strike the objections as being untimely. The trial court found no error of law or other defect on the face of the magistrate's decision and granted judgment in favor of appellees. Appellant filed a notice of appeal and raises the following assignments of error:
Assignment of Error One:
The court below abused its discretion by striking appellant's objections to the magistrate's decision when the late filing was due to appellees' agents not timely forwarding the requisite matters to the court, and when appellant had presented a matter that should have tolled the time for filing objections.
Assignment of Error Two:
The court below abused its discretion by not permitting appellant to amend his complaint.
Assignment of Error Three:
The court below abused its discretion by not following mandatory rules and by permitting appellees' counsel to function outside rules.
Assignment of Error Four:
The court abused its discretion by ignoring mandatory provisions of the Ohio Administrative Code and policies related to confinement, and by substituting an argument for appellee[s] that appellee[s] did not raise as an affirmative defense or otherwise.
Assignment of Error Five:
The court below abused its discretion by not considering appellant's motion for mistrial and/or relief from judgment on the basis of spoliation and other misconduct.
Assignment of Error Six:
The magistrate should have recused himself at the first suggestion of a conflict of interest.
 {¶ 4} By the first assignment of error, appellant contends that the trial court abused its discretion by striking appellant's objections to the magistrate's decision when the late filing was due to appellees' agents not timely forwarding the requisite matters to the court, and when appellant had presented a matter that should have tolled the time for filing objections. Appellant argues that, since he filed a request for findings of fact and conclusions of law, pursuant to Civ.R. 53(E)(3)(a), the time for filing objections does not begin to run until the magistrate filed a decision including findings of fact and conclusions of law. However, Civ.R. 52 provides that the request for findings of fact and conclusions of law must be requested either before the entry of judgment or not later than seven days after the party filing the request has been given notice of the court's announcement of its decision. In this case, the magistrate's decision was filed on February 17, 2004, and appellant filed the request for findings of fact and conclusions of law on March 2, 2004, which is more than seven days. Thus, the request for findings of fact and conclusions of law did not toll the time for filing objections to the magistrate's decision. Moreover, the trial court found that the magistrate's decision included factual findings and conclusions of law in sufficient detail to allow appellant to frame his objections and for the court to independently review such objections and, thus, denied the motion.
 {¶ 5} Appellant does not dispute that the objections were untimely since they were filed on March 3, 2004, but contends that MCI employees delayed placing the objections in the mail thus making them untimely filed. In order to find that the trial court abused its discretion, we must find more than an error of law or judgment, an abuse of discretion implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. Most instances of an abuse of discretion result in decisions that are unreasonable as opposed to arbitrary and capricious. AAAA Enterprises,Inc. v. River Place Community Urban Redevelopment Corp. (1990),50 Ohio St.3d 157. A decision that is unreasonable is one that has no sound reasoning process to support it.
 {¶ 6} It was not an abuse of discretion for the trial court to strike appellant's objections when they were not filed within the 14-day time period set forth in Civ.R. 53. However, even assuming the objections were timely filed, we address each assignment below and we find no error in the trial court's decision. Appellant's first assignment of error is not well-taken.
 {¶ 7} By the second assignment of error, appellant contends that the trial court erred and abused its discretion in not permitting him to amend his complaint. Appellant filed a motion for leave to amend his complaint and a copy of the amended complaint on April 21, 2003. On May 6, 2003, the trial court found that the proposed amendment attempted to allege claims for relief, which were not within the court's jurisdiction, did not set forth grounds for Civ.R. 11 sanctions and denied the motion. Appellant alleged through the proposed amendment that an assistant attorney general violated the Code of Professional Responsibility. However, determining whether an attorney has violated the Code of Professional Responsibility is not within the jurisdiction of the Ohio Court of Claims. See R.C. Chapter 2743. The trial court did not abuse its discretion in not permitting appellant to amend his complaint. Appellant's second assignment of error is not well-taken.
 {¶ 8} By the third assignment of error, appellant contends that the trial court abused its discretion by not following mandatory rules and by permitting appellees' counsel to function outside the rules. Appellant argues that the trial court abused its discretion by quashing subpoenas without following Civ.R. 45(C)(4), which provides, as follows:
Before filing a motion pursuant to division (C)(3)(d) of this rule, a person resisting discovery under this rule shall attempt to resolve any claim of undue burden through discussions with the issuing attorney. A motion filed pursuant to division (C)(3)(d) of this rule shall be supported by an affidavit of the subpoenaed person or a certificate of that person's attorney of the efforts made to resolve any claim of undue burden.
 {¶ 9} Appellant argues that there was no attempt to resolve, no affidavits and no certificate of counsel. A trial court has broad discretion in the regulation of discovery. 513 East Rich Street Co. v.McGreevy, Franklin App. No. 02AP-1207, 2003-Ohio-2487. Unless the trial court abused its discretion, an appellate court must affirm a trial court's disposition of discovery issues. State ex rel. The V Cos. v.Marshall (1998), 81 Ohio St.3d 467, 469. Appellant has not demonstrated any prejudice from the trial court's ruling. Appellant has failed to provide the entire transcript of the proceedings so we cannot review any proffer of the testimony if there was any provided. Appellees contend that the high-level Department of Rehabilitation and Correction officials and Ohio Attorney General employees who were subpoenaed did not have knowledge of the facts regarding this case. Thus, appellant's third assignment of error is not well-taken.
 {¶ 10} By the fourth assignment of error, appellant contends that the trial court abused its discretion by ignoring mandatory provisions of the Ohio Administrative Code and policies related to confinement, and by substituting an argument for appellees that appellees did not raise as an affirmative defense or otherwise. Appellant's argument is that the magistrate erred in his decision and the trial court abused its discretion in adopting the magistrate's decision. Appellant argues that his confiscated personal address labels and stationery were permitted by Ohio Adm. Code 5120-9-18 and 5120-9-19, and the magistrate's reliance on Ohio Adm. Code 5120-9-06(E)(20) was an error because appellees had not raised such as a defense. Essentially, appellant argues that the trial court's decision is not supported by the evidence or is against the manifest weight of the evidence. However, appellant failed to provide a complete transcript of the evidence presented at the hearing and only provided a partial transcript including some of the testimony presented at the hearing.
 {¶ 11} The duty to provide a transcript for appellate review falls upon the appellant who bears the burden of showing error by reference to matters in the record. Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197, 199. Without a complete transcript, we have no way to determine what evidence and testimony is not included in the record. When portions of the transcript that are necessary for resolution of assigned errors are omitted from the record, an appellate court has nothing to pass upon and therefore, as to those assigned errors, an appellate court must presume the validity of the trial court proceedings and affirm. Id. Furthermore, "[i]t is well established that pro se litigants are presumed to have knowledge of the law and legal procedures and that they are held to the same standard as litigants who are represented by counsel."Sabouri v. Ohio Dept. of Job Family Serv. (2001), 145 Ohio App.3d 651,654.
 {¶ 12} Here, absent a complete transcript, or some acceptable alternative, pursuant to App.R. 9(C), we are guided by the presumption that the decision of the trial court is correct. Appellant's fourth assignment of error is not well-taken.
 {¶ 13} By the fifth assignment of error, appellant contends that the trial court abused its discretion by not considering appellant's motion for mistrial and/or relief from judgment on the basis of spoliation and other misconduct. Appellant alleges that MCI employees lied and destroyed evidence that was needed to prove his claims. He also incorporates his arguments that the trial court improperly quashed his subpoenas. The trial court determined that a subpoena was an inappropriate method to acquire documents from a party and appellant should have utilized the discovery process.
 {¶ 14} Ordinarily, any pending motions which the trial court does not expressly rule upon are considered impliedly overruled. Maust v. Palmer
(1994), 94 Ohio App.3d 764, 769. Thus, appellant's motion for mistrial and/or relief from judgment was overruled.
 {¶ 15} In order to establish a claim for spoliation of evidence, appellant must establish: "(1) pending or probable litigation involving the plaintiff, (2) knowledge on the part of defendant that litigation exists or is probable, (3) willful destruction of evidence by defendant designed to disrupt the plaintiff's case, (4) disruption of the plaintiff's case, and (5) damages proximately caused by the defendant's acts[.]" Smith v. Howard Johnson Co., Inc. (1993), 67 Ohio St.3d 28, 29. "In a spoliation case, `willful' reflects an intentional and wrongful commission of the act." White v. Ford Motor Co. (2001),142 Ohio App.3d 384, 387. In this case, there is no evidence of a willful destruction of evidence to disrupt appellant's case or any damages. Appellant's fifth assignment of error is not well-taken.
 {¶ 16} By the sixth assignment of error, appellant contends that the magistrate should have recused himself at the first suggestion of a conflict of interest. Appellant alleges that he is the common-law husband of a current client of the magistrate and that he assisted Kevin Gunnell in filing an ineffective assistance of counsel claim against the magistrate. "The removal of a magistrate is within the discretion of the judge who referred the matter to the magistrate and should be sought by a motion filed with the trial court." In re Disqualification of Wilson
(1996), 77 Ohio St.3d 1250, 1251. In this case, appellant did not file a motion for recusal. As discussed above, appellant also did not file a transcript so we are unable to review any alleged bias or errors. Appellant's sixth assignment of error is not well-taken.
 {¶ 17} Appellees filed a motion to strike appellant's brief to this court and appellant filed a memorandum in opposition. The motion was denied. Appellees then filed a motion to strike appellant's memorandum in opposition to appellees' motion to strike appellant's brief and requested sanctions arguing that appellant's memorandum opposing appellees' motion to strike appellant's brief contained scandalous and scurrilous allegations. The motion is denied.
 {¶ 18} For the foregoing reasons, appellant's six assignments of error are overruled and the judgment of the Ohio Court of Claims is affirmed, and appellees' motion to strike appellant's memorandum in opposition to appellees' motion to strike appellant's brief and request for sanctions are denied.
Motion denied, judgment affirmed.
Lazarus and Klatt, JJ., concur.