[Cite as *Reddy v. Hogan*, 2014-Ohio-1649.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Lynda Reddy, | : | |
| Plaintiff-Appellant, | : | |
| | | No. 13AP-910 |
| v. | : | (M.C. No. 2012CVE-35982) |
| Kevin F. Hogan et al., | : | (REGULAR CALENDAR) |
| Defendants-Appellees. | : | |

D E C I S I O N

Rendered on April 17, 2014

*Lynda Reddy*, pro se.

*Caborn & Butauski Co., LPA*, and *Joseph A. Butauski*, for appellees.

APPEAL from the Franklin County Municipal Court

O'GRADY, J.

{¶ 1} Plaintiff-appellant, Lynda Reddy, appeals from a judgment of the Franklin County Municipal Court denying her claims of negligence and battery stemming from an auto accident and its aftermath. For the reasons that follow, we affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

{¶ 2} On September 21, 2012, Reddy filed a complaint naming Kevin F. Hogan, Janice Hogan, and Kevin Hogan, Jr. as defendants. Reddy alleged, on July 19, 2012, she was involved in car accident caused by Kevin Hogan, Jr.'s negligence. She also alleged Kevin Hogan, Jr. pushed her with his body after the accident.

{¶ 3} On October 6, 2012, a person named Jennifer Hogan signed for the complaint and summons sent via certified mail to each of the three named defendants.

On November 5, 2012, an answer was filed on behalf of Kevin Hogan, Jr. and Janice Hogan, who alleged, in part, that Reddy misnamed them in the complaint.  This answer was actually filed by Kevin F. Hogan and Jennifer Hogan (the "Hogans") who claim no Janice Hogan or Kevin Hogan, Jr. exist. (*See* Appellee's brief, 2, 11.)  Instead, they claim Kevin F. Hogan drove the vehicle involved in the accident with Reddy, and Jennifer Hogan is his wife.

{¶ 4}  Reddy filed a motion for default judgment arguing none of the named defendants filed an answer.  The Hogans filed a memorandum contra, pointing to the answer they had filed.  Reddy filed a response, which the Hogans interpreted as an effort to obtain default judgment based on the fact no answer was filed in the name of "Kevin F. Hogan."  The Hogans argued the complaint they received did not list "Kevin F. Hogan" as a defendant, which is why no answer was filed in that name.

{¶ 5}  The matter proceeded to a court trial.  The trial court issued a decision and judgment entry on October 23, 2013 finding Kevin F. Hogan was the driver involved in the accident with Reddy on July 19, 2012.  The court found Reddy failed to prove Kevin F. Hogan caused the accident or engaged in physical contact with her after the accident.  Although Reddy claimed the Kevin F. Hogan in the courtroom was not the driver of the vehicle that hit her, the court found Kevin F. Hogan's testimony to the contrary credible.  The court rendered a judgment against Reddy and dismissed her complaint.

## II. ASSIGNMENTS OF ERROR

{¶ 6}  Reddy appeals and assigns two errors for our review:[1]

ASSIGNMENT OF ERROR ONE

WHEN THE HONORABLE JUDGE MARK HUMMER LACKED ACKNOWLEDGMENT OF THIS PLAINTIFF REQUEST FOR A JURY TRIAL, HIS INCONSISENTANCE THROUGHOUT THE ENTIRE TRIAL OF HOLDING COURT FROM ROOM TO ROOM. DOING SO HIS ACKNOWLEDGE OF THIS PLAINTIFF FILED HER MOTION OF DEFAULT ON THESE DEFENDANT, AND THIS PLAINTIFF HAD

---

[1] We have taken the assignments of error from Reddy's table of contents which appears on pages 20-21 of her appellate brief. The assigned errors on page 20 closely match the assignments of error identified in her arguments on pages 7 and 8 of the brief. We note Reddy also titled page 23 of her brief as "ASSIGNMENT OF ERRORS" and then wrote paragraphs labeled A through G. We will treat these statements as arguments instead of assignments of error.

ONLY RECEIVE AN ANSWER FROM TWO OF THE DEFENDANTS LISTED IN THE FORMAL COMPLAINT. HIS ACTIONS DETRIMENT OF THE APPELLANT TO A FAIR TRIAL AND EFFECTIVELY VIOLATED CONSTITUTIONAL RIGHTS OF A FAIR TRIAL.

**ASSIGNMENT OF ERROR TWO**

DUE PROCESS OF ALL PARTIES APPEARING BEFORE THESE COURTS, AND ANSWERING THE COMPLAINT THAT WAS SUBMITTED TO EACH DEFENDANT UNDER THE OHIO CIVIL RULES AND PROCEDURES. THIS PLAINTIFF WAS DEPRIVED OF DUE PROCESS THROUGHOUT HER TRIAL ENTIRELY. THE ONLY DEFENDANT THAT APPEAR WAS KEVIN F. HOGAN. WHEN IN FACT THIS PLAINTIFF LISTED THREE DEFENDANTS IN HER COMPLAINT. THESE COURTS DEPRIVED THIS PLAINTIFF THE RIGHTS TO CROSS EXAMINE THE DEFENDANTS IN A CIVIL MATTER.

(Sic passim.)

## III. DISCUSSION

{¶ 7} Under her first assignment of error, Reddy appears to contend the trial court erred by denying her a jury trial and her motion for default judgment.

{¶ 8} First, Reddy complains she did not receive a jury trial. However, the trial court issued an entry on September 30, 2013, indicating Reddy could have had a jury trial but elected to proceed with a court trial. Reddy offers no evidence in the record to contradict this statement. Therefore, we reject her argument.

{¶ 9} Next, Reddy suggests the trial court erred when it implicitly denied her motion for default judgment against all three named defendants because no answer was filed in the name of Kevin F. Hogan. "Under Civ.R. 55(A), when a party against whom judgment is sought fails to plead or otherwise defend, the opposing party may apply to the court for a default judgment." *Lopez v. Quezada*, 10th Dist. No. 13AP-389, 2014-Ohio-367, ¶ 11. We review a trial court's decision to grant or deny a motion for default judgment for abuse of discretion. *Id.*, citing *Bank of Am., N.A. v. Malone*, 10th Dist. No. 11AP-860, 2012-Ohio-3585, ¶ 18. The phrase "abuse of discretion" implies the court's

attitude is arbitrary, unreasonable or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 10} "A default judgment is proper against an unresponsive defendant ' "as liability has been admitted or 'confessed' by the omission of statements refuting the plaintiff's claims." ' " *Lopez* at ¶ 12, quoting *Ohio Valley Radiology Assoc., Inc. v. Ohio Valley Hosp. Assn.,* 28 Ohio St.3d 118, 121 (1986), quoting *Reese v. Proppe,* 3 Ohio App.3d 103, 105 (8th Dist.1981). "Civ.R. 55 is logically consistent with Civ.R. 8(D), which provides that '[a]verments in a pleading to which a responsive pleading is required, other than those as to the amount of damage, are admitted when not denied in the responsive pleading.' " *Id.*, citing *Ohio Valley Radiology* at 121. "An admission to a factual allegation in a pleading is equivalent to proof of the fact admitted, so the plaintiff does not have to prove that allegation with evidence." *Id.*, citing *Burdge v. On Guard Security Servs., Inc.,* 1st Dist. No. C-050522, 2006-Ohio-2092, ¶ 7. "Consequently, when a defendant fails to contest the factual allegations raised in the complaint, default judgment is appropriate because the defendant has admitted to the facts that establish the plaintiff's claims." *Id.*

{¶ 11} Reddy is incorrect that the absence of an answer filed in the name of Kevin F. Hogan entitles her to default judgment against all three defendants named in her complaint. Additionally, while an answer was never explicitly filed in the name of "Kevin F. Hogan," it appears Kevin F. Hogan in fact filed an answer and other documents in these proceedings under the name of Kevin Hogan, Jr., believing Reddy misnamed him in the complaint. In any event, the complaint Reddy filed names "Kevin F. Hogan" as a defendant but does not state a cause of action against him. The complaint only states a cause of action against Kevin Hogan, Jr. Thus, Kevin F. Hogan's failure to answer the complaint in his own name resulted in an admission of nothing and did not entitle Reddy to a default judgment. Therefore, the trial court did not abuse its discretion by denying Reddy's motion for default judgment.

{¶ 12} Accordingly, we overrule the first assignment of error.

{¶ 13} Under her second assignment of error, Reddy contends the trial court denied her the right to cross-examine Kevin Hogan, Jr. and Janice Hogan. Additionally, based on the nature of the arguments in her brief, she appears to challenge the trial court's judgment as being against the manifest weight of the evidence.

{¶ 14} Reddy contends the trial court violated her due process rights because Kevin Hogan, Jr. and Janice Hogan did not appear at trial and she could not cross-examine them.  Even if a Kevin Hogan, Jr. and Janice Hogan with a connection to the accident at issue exist, it is the not the trial court's responsibility to track them down for appellant.

{¶ 15} In addition, Reddy appears to make a manifest weight of the evidence argument.  Reddy believes she proved the Kevin F. Hogan who appeared at trial was not the driver of the vehicle involved in the accident with her.  She also appears to argue that she proved Kevin Hogan, Jr. negligently caused the accident and pushed her afterwards and that she proved resulting damages.  She challenges the credibility of Kevin F. Hogan and the officer who responded to the scene of the accident.

{¶ 16} However, Reddy failed to file a transcript of the trial court proceedings. "The duty to provide a transcript for appellate review is on the appellant, who has the burden of showing error by referencing matters in the record." *McAdams v. B&D Concrete Footers, Inc.*, 10th Dist. No. 12AP-1088, 2013-Ohio-2456, ¶ 5, citing *Whiteside v. Madison Corr. Inst.*, 10th Dist. No. 04AP-401, 2005-Ohio-1844, ¶ 11, citing *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980). Without a transcript, we cannot determine what evidence and testimony is or is not included in the record. *Id.* " When portions of the transcript necessary for the resolution of assigned errors are omitted from the record, an appellate court has nothing to pass upon, and, consequently, as to those assigned errors, the reviewing court must presume the validity of the trial court proceedings and affirm." *Id.*, citing *Knapp* at 199. Because Reddy did not file a transcript of the trial court proceedings, we presume the validity of those proceedings and reject her manifest weight argument.

{¶ 17} Finally, Reddy complains the trial court did not hold Kevin F. Hogan accountable for a violation of a vehicle registration law or Jennifer Hogan accountable for opening mail that did not belong to her.  Even if Reddy properly assigned these issues as error, which she did not, she is not entitled to appellate relief because criminal proceedings were not initiated against Kevin F. Hogan and Jennifer Hogan.

{¶ 18} Accordingly, we overrule the second assignment of error.

## IV. CONCLUSION

{¶ 19} Having overruled appellant's two assignments of error, we affirm the judgment of the Franklin County Municipal Court.

*Judgment affirmed.*

KLATT and DORRIAN, JJ., concur.

————————————