[Cite as *O'Brien v. Jirles-Clark*, 2015-Ohio-3365.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Ron O'Brien, Prosecuting Attorney, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 15AP-34 |
| v. | : | (C.P.C. No. 14CV-8313) |
| Colin Jirles-Clark, | : | (ACCELERATED CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on August 20, 2015

*Ron O'Brien*, Prosecuting Attorney, and *Scott J. Gaugler*, for appellee.

*Colin Jirles-Clark*, pro se.

APPEAL from the Franklin County Court of Common Pleas

SADLER, J.

{¶ 1} Defendant-appellant, Colin Jirles-Clark, appeals from a judgment of the Franklin County Court of Common Pleas granting judgment by default in favor of plaintiff-appellee, Ron O'Brien, Franklin County Prosecutor. For the reasons that follow, we affirm.

I. FACTS AND PROCEDURAL HISTORY

{¶ 2} On August 11, 2014, appellee filed a complaint seeking a preliminary and permanent injunction requiring appellant to immediately vacate his residence at 4999 Kingshill Drive, Apt. 115, Columbus, Ohio, due to his non-compliance with the residency restrictions pertaining to sexually oriented offenders. R.C. 2950.034. In the complaint, appellee alleges the following: appellant has been convicted or pleaded guilty to

importuning in violation of R.C. 2907.07 and disseminating matter harmful to juveniles in violation of R.C. 2907.31; either of the offenses for which appellant was convicted or pleaded guilty is a non-exempt sexually oriented offense or a child-victim oriented offense; appellant now resides at 4999 Kingshill Drive, Apt. 115, Columbus, Ohio; and appellant's current address is within 1000 feet of Focus Learning of Northern Columbus. On August 13, 2014, the clerk attempted service of summons and complaint on appellant by certified mail at 4999 Kingshill Drive, Apt. 115, Columbus, Ohio. On September 3, 2014, certified mail service was returned "unclaimed." On October 15, 2014, appellee instructed the clerk to make service on appellant by ordinary mail at the same address. On October 16, 2014, the clerk entered the certificate of mailing on the record.

{¶ 3} Appellant did not answer the complaint. On December 11, 2014, appellee filed a motion for default judgment pursuant to Civ.R. 55(A). Appellant did not respond to the motion. On December 18, 2014, the trial court granted the motion for default judgment and issued an order enjoining appellant "from maintaining a residence at 4999 Kingshill Drive, Apt. 115, * * * Columbus, Franklin County Ohio." On January 14, 2015, the Franklin County Sheriff personally served appellant with the court's judgment entry.

{¶ 4} On January 16, 2015, appellant, pro se, filed a notice of appeal to this court from the judgment of the trial court.[1]

## II. ASSIGNMENT OF ERROR

{¶ 5} Appellant sets forth the following assignment of error:

> The Civil Division rule for motion of default judgment in case no. 14 CV 8313. The ruling was based on Rev. Code 2950.01(A).

## III. STANDARD OF REVIEW

{¶ 6} An appellate court employs an abuse of discretion standard in reviewing a trial court's decision to grant a motion for default judgment. *See, e.g., Miranda v. Saratoga Diagnostics*, 8th Dist. No. 97591, 2012-Ohio-2633; *Dye v. Smith*, 189 Ohio App.3d 116, 2010-Ohio-3539 (4th Dist.), citing *Ramsey v. Rutherford*, 4th Dist. No.

---

[1] On January 21, 2015, the trial court determined appellant's January 16, 2015 "[m]otion to appeal under civil rule 60B" to be moot stating that appellant's "appeal and motion relate to the same judgment and any action taken by this court would be inconsistent with the Appellate Court's jurisdiction." *See Howard v. Catholic Social Serv. of Cuyahoga Cty., Inc.*, 70 Ohio St.3d 141 (1994).

09CA3094, 2009-Ohio-5146, ¶ 10.  An abuse of discretion is more than an error of law or judgment but, rather, it is a finding that the court's attitude is unreasonable, arbitrary, or unconscionable.  *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

## IV.  LEGAL ANALYSIS

{¶ 7}  R.C. 2950.034 provides, in relevant part, as follows:

> (A)  No person who has been convicted of, is convicted of, has pleaded guilty to, or pleads guilty to a sexually oriented offense or a child-victim oriented offense shall establish a residence or occupy residential premises within one thousand feet of any school premises or preschool or child day-care center premises.

> (B)  If a person to whom division (A) of this section applies violates division (A)[,] * * * the prosecuting attorney * * * that has jurisdiction over the place at which the person establishes the residence * * * has a cause of action for injunctive relief against the person.

{¶ 8}  Civ.R. 55(A) provides, in relevant part, as follows:

> When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, the party entitled to a judgment by default shall apply in writing or orally to the court therefore.

{¶ 9}  Appellant's assignment of error alleges that the trial court erred by granting a default judgment to appellee.  We disagree.

{¶ 10} Civ.R. 4.6(D) provides, in relevant part, as follows:

> If a United States certified * * * mail envelope attempting service within * * * the state is returned with an endorsement stating that the envelope was unclaimed, the clerk shall forthwith notify the attorney of record * * * and enter the fact and method of notification on the appearance docket. If the attorney, or serving party, after notification by the clerk, files with the clerk a written request for ordinary mail service, the clerk shall send by United States ordinary mail a copy of the summons and complaint or other document to be served to the defendant at the address set forth in the caption, or at the address set forth in written instructions furnished to the clerk. The mailing shall be evidenced by a certificate of mailing which shall be completed and filed by the clerk. *Answer day shall be twenty-eight days after the date of mailing as*

> *evidenced by the certificate of mailing.* **The clerk shall endorse this answer date upon the summons which is sent by ordinary mail.** *Service shall be deemed complete when the fact of mailing is entered of record, provided that the ordinary mail envelope is not returned by the postal authorities* **with an endorsement showing failure of delivery. If the ordinary mail envelope is returned undelivered, the clerk shall forthwith notify the attorney, or serving party.**

(Emphasis added.)

{¶ 11} The record in this case establishes that appellee instructed the clerk to serve appellant by ordinary mail at the address listed on the complaint after certified mail service had been returned "unclaimed." Appellee obtained service on appellant by ordinary mail on October 16, 2014, when the clerk entered the fact of mailing in the record. Appellant subsequently failed to plead or otherwise defend as provided by the Ohio Rules of Civil Procedure.

{¶ 12} Appellee filed a motion for default judgment on December 11, 2014. Although service of the motion on appellant was not required under Civ.R. 55(A) because appellant had not appeared in the action, we note that appellee served the motion on appellant by ordinary mail on that date of filing.[2] On December 18, 2014, the trial court granted appellee's motion for default judgment and issued an order, pursuant to R.C. 2950.034, permanently enjoining appellant "from maintaining a residence at 4999 Kingshill Drive, Apt. 115, * * * Columbus, Franklin County Ohio."

{¶ 13} Based on the undisputed facts in the record, we find that appellee was entitled to a judgment by default against appellant pursuant to Civ.R. 55(A) and R.C. 2950.034. Although appellant now claims that he had a meritorious defense to the alleged non-compliance with R.C. 2950.034, the only issue before this court is whether the trial court abused its discretion in granting default judgment.

{¶ 14} For the foregoing reasons, we hold that the trial court did not abuse its discretion when it entered a default judgment in favor of appellee. Accordingly, appellant's sole assignment of error is overruled.

---

[2] The certificate of service indicates ordinary mail service on appellant at 4999 Kingshill Drive, Apt. 115, Columbus, Ohio.

## V.  CONCLUSION

{¶ 15} Having overruled appellant's sole assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

BROWN, P.J., and LUPER SCHUSTER, J., concur.

————————————