[Cite as *Williams v. State Farm Fire & Cas. Ins. Co.*, 2018-Ohio-57.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Karen Williams, | : | |
| | | No. 17AP-437 |
| Plaintiff-Appellant, | : | & |
| | | No. 17AP-548 |
| v. | : | (C.P.C. No. 16CV-2774) |
| | | |
| State Farm Fire & Casualty Company, | : | (ACCELERATED CALENDAR) |
| | | |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on January 9, 2018

**On brief:** *Karen Williams*, pro se. **Argued:** *Karen Williams*.

**On brief:** *Gallagher, Gams, Pryor, Tallan & Littrell L.L.P.*, and *Mark H. Gams*, for appellee. **Argued:** *Mark H. Gams*.

APPEAL from the Franklin County Court of Common Pleas

BRUNNER, J.

{¶ 1} Plaintiff-appellant, Karen Williams, appeals from a judgment of the Franklin County Court of Common Pleas entered on June 15, 2017, following a trial by a jury that reached a verdict in favor of defendant-appellee, State Farm Fire & Casualty Company ("State Farm"). She also appeals the trial court's entry of July 18, 2017 denying her motion for a new trial. Because each of the assigned errors Williams raises cannot be appropriately reviewed without a transcript and because Williams did not obtain a trial transcript, we overrule her assignments of error and affirm the judgments of the trial court.

## I. FACTUAL AND PROCEDURAL BACKGROUND

{¶ 2} On March 20, 2016, Williams filed a complaint in the Franklin County Court of Common Pleas alleging that she had suffered a loss at her business as a result of a fire. (Mar. 20, 2016 Compl. at ¶ 6.) Williams alleged that State Farm should not have denied her claim on the conclusion that the fire was not accidental and that Williams had breached

her policy contract.  *Id.* in passim; Mar. 8, 2016 Denial Letter, Ex. D to Compl.  The pleadings before the trial court show that State Farm admitted that it had insured Williams' commercial property, that the property had suffered a fire, and that it had sent a letter (attached to Williams' complaint as Exhibit D) in which it voided the policy.  (May 12, 2016 Answer at ¶ 1, 3-4, 8.)

{¶ 3}    Before trial, the parties further stipulated to a number of basic facts:

1. The parties entered into a contract, State Farm Insurance Policy No. 95-QJ-8743-3, and said policy was valid and in effect at the time of loss on March 28, 2015.

2. The policy provided coverage for commercial real estate and contents and contained a provision for suspension of income.

3. Plaintiff suffered a loss to her property due to a fire that occurred on March 28, 2015.

4. Plaintiff reported the loss to Defendant in a timely manner pursuant to the policy.

(June 5, 2017 Pretrial Stips. at 1.)  Because Williams has not ordered a transcript of the trial proceedings, this is all the information that the record contains about what evidence was or could have been considered by the jury at trial when it reached a verdict in favor of State Farm on June 8, 2017.  (June 15, 2017 Jgmt. Entry at 1.)  The trial court entered judgment on June 15, 2017.  Id.

{¶ 4}    Williams timely appealed the entry of judgment.  (June 21, 2015 Notice of Appeal No. 17AP-437.)  Williams also filed a letter in which she complained that the jurors had policies with State Farm, that she was not allowed to present her evidence at trial, and that the attorneys for State Farm engaged in racial profiling and discrimination.  (June 21, 2017 Letter.)  This Court stayed the appeal pending the trial court's disposition of Williams' pro se letter (which State Farm and the trial court treated as a motion for a new trial). *Williams v. State Farm Fire & Cas. Co.*, 10th Dist. No. 17AP-473 (July 13, 2017) (journal entry).

{¶ 5}    The trial court denied the motion for a new trial on July 18, 2017.  (July 18, 2017 Decision & Entry.)  Williams again timely appealed.  (Aug. 2, 2017 Notice of Appeal No. 17AP-548.)

{¶ 6}   This decision is a consolidated review of both appeals.

## II. ASSIGNMENTS OF ERROR

{¶ 7}   Williams' corrected brief contains a section entitled "ASSIGNMENT OF ERROR," but that page contains no stated assignment of error.  (Williams' Brief at 4.)  The following two pages are a copy of Williams' original brief (which this Court previously struck sua sponte for failure to comply with substantially any of the local rules or Ohio Rules of Appellate Procedure).  Williams' Brief at 4.1-4.2[1]; *Williams v. State Farm Fire & Cas. Co.*, 10th Dist. No. 17AP-473 (Sept. 21, 2017) (journal entry).  Although neither of Williams' briefs contains any assignments of error, we construe the numbered paragraphs as assignments of error.  They are verbatim as follows:

> 1.  <u>The jurors</u> – that were selected for the trial had policies with State Farm Insurance Company
>
> 2.  My evidence – was not allowed to come in, neither were my witnesses.  My tapes weren't allowed to come during trial I recored both attorneys, were they could come in as long as I didn't narrate at the beginning.  I paid to get them the way they wanted them and they would not let them in trial.  In my brief here is one of the C.D's, I have others.
>
> 3.  I couldn't allow in the illegal activity – State Farm <u>adjuster Rob Raker</u> State Farm <u>attorney Todd Zimmerman</u> admitted going through my purse when
>
> 4.  <u>Discrimination and profiling humiliations</u>
>
>> 1.  K + K towing tapes were falsified from the Vantage Point you could never see my front door State Farm asked to point the camera at my front after the fire, contact K.K Towing, they are right next door
>>
>> 2.  I am a 65 yr old woman and as a result of this incident, I am <u>financially</u> burden, which has caused me to be indigent.
>>
>> * * *
>>
>> 3.  State Farm took my computer and never gave it back to me they had it for over 2 yrs

---

[1] Williams' brief has page numbers but the two pages interspersed after the blank assignment of error section are paginated "1 of 2" and "2 of 2."  Because they follow page 4, we refer to them as 4.1 and 4.2 respectively.

4.  This is <u>Bishop</u> he died August 9, 2017 he was 14 he went threw a lot of stress like I did the only Real campion I had recent picture before he died couldn't afford to take him to <u>vet</u> Just God me and Bishop live here I know I will see him again!

(Sic passim.)

## III.  DISCUSSION

{¶ 8}  Rule 9 of the Ohio Rules of Appellate Procedure includes this language:

(1) * * * [I]t is the obligation of the appellant to ensure that the proceedings the appellant considers necessary for inclusion in the record, however those proceedings were recorded, are transcribed * * *.

* * *

(3)  The appellant shall order the transcript in writing and shall file a copy of the transcript order with the clerk of the trial court.

(4)  * * *  If the appellant intends to present an assignment of error on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the weight of the evidence, the appellant shall include in the record a transcript of proceedings that includes all evidence relevant to the findings or conclusion.

App.R. 9(B).

{¶ 9}  Consistent with these appellate rules, we have previously held that the "duty to provide a transcript for appellate review is on the appellant, who has the burden of showing error by referencing matters in the record." *Jenkins v. State Farm Mut. Auto. Ins. Co.*, 10th Dist. No. 11AP-1074, 2013-Ohio-1142, ¶ 31, citing *Whiteside v. Madison Corr. Inst.*, 10th Dist. No. 04AP-401, 2005-Ohio-1844, ¶ 11; *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980).  "When portions of the transcript necessary for the resolution of assigned errors are omitted from the record, an appellate court has nothing to pass upon and consequently, as to those assigned errors, the reviewing court must presume the validity of the trial court proceedings and affirm." *Id.*, citing *Knapp* at 199; *Beer v. Beer*, 10th Dist. No. 04AP-93, 2004-Ohio-4559, ¶ 8; *Simmerman v. McCallister*, 10th Dist. No. 02AP-62, 2002-Ohio-6735, ¶ 23; *Columbus v. Hodge*, 37 Ohio App.3d 68, 68-69  (10th Dist.1987).

{¶ 10} Williams' alleged errors, that the jurors were biased, that there were evidentiary errors, and that there were other improper things that happened during the course of the case, are not matters that we can discern in the record of the case as it now exists before us. As the appellant, it is Williams' burden to demonstrate from the record that errors occurred. We find none based on what she has presented to us, and the law requires that in such case, we must presume the validity of the trial court's proceedings. *Knapp.* Accordingly, we overrule any and all of Williams' assignments of error.

## IV.  CONCLUSION

{¶ 11}  All assignments of error are overruled. The judgments of the Franklin County Court of Common Pleas are affirmed.

*Judgments affirmed.*

TYACK and KLATT, JJ., concur.

————————————