[Cite as *Katz v. Grossman*, 2019-Ohio-2582.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Larry Katz, | : | |
| Plaintiff-Appellant, | : | |
| | : | No. 18AP-503 |
| v. | : | (C.P.C. No. 15CV-2614) |
| Andrew S. Grossman, et al., | : | (REGULAR CALENDAR) |
| Defendants-Appellees. | : | |

D E C I S I O N

Rendered on June 27, 2019

**On brief:** *Golden & Meizlish, Co., LPA,* and *Keith Golden*, for appellant. **Argued:** *Adam H. Karl.*

**On brief:** *Reminger Co., LPA*, and *Matthew L. Schrader,* for appellees. **Argued:** *Matthew L. Schrader.*

APPEAL from the Franklin County Court of Common Pleas

BEATTY BLUNT, J.

{¶ 1} Plaintiff-appellant, Larry Katz, appeals from a judgment by the Franklin County Common Pleas Court denying his motion for leave to respond to appellees' counterclaim, granting appellees' motion for default judgment on the counterclaim, and overruling his objections to a magistrate's decision awarding damages on the counterclaim.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} Appellant filed, pro se, a legal malpractice claim against appellees related to appellees' representation of appellant in a divorce case and two related appeals.

No. 18AP-503

{¶ 3} On April 27, 2015, appellees filed an answer to the complaint. They also filed a counterclaim for unpaid legal fees related to that representation. Appellant did not file an answer to the counterclaim within the time period prescribed by rule.

{¶ 4} On July 10, 2015, appellees filed a motion for default judgment on their counterclaim. They also filed contemporaneously a motion for summary judgment on appellant's claims against them.

{¶ 5} On July 27, 2015, appellant filed a "Motion to File out of Rule" and represented that it was "a response to the Defendant." To support his motion, appellant stated that there were genuine issues of material fact to overcome the motion for summary judgment. Appellant did not specifically mention the motion for default judgment.

{¶ 6} On July 27, 2015, appellant filed a "Memorandum Contra [Appellees'] Motion for Judgment." In that filing, appellant argued that he has valid defenses to appellees' counterclaim for attorney fees. He requested that the court overrule appellees' motion for summary judgment.

{¶ 7} On July 27, 2015, appellant filed "Motion for Extension of Time within which to Move or Plead." Despite its title, the motion's substance was focused on responses to appellees' discovery requests.

{¶ 8} On August 3, 2015, appellees requested an extension of time to file reply briefs in support of their motions. In their request for an extension of time, appellees represented that appellant's July 27, 2015 memorandum contra "seemingly relates to the Motion for Default Judgment."

{¶ 9} On October 9, 2015, the trial court granted appellant's July 27, 2015 motion to file out of rule, and instructed appellant that he had 14 additional days from the date of

No. 18AP-503

the order to respond to the motion for summary judgment. The court did not mention appellees' motion for default judgment in its entry.

{¶ 10}  On October 22, 2015, appellant retained counsel. Appellant's counsel filed a motion for leave to reply to the counterclaim, instanter, and included a copy of the proposed answer with the motion. This is the motion at issue in this appeal. The trial court denied this motion on December 15, 2017.

{¶ 11} When appellant retained counsel, he voluntarily dismissed his claims. Nonetheless, appellees' counterclaims for legal fees remained pending.

{¶ 12}  On October 22, 2015, the trial court inadvertently terminated the entire case based on appellant's voluntary dismissal of his claims.

{¶ 13}  In January 2016, both parties filed witness disclosures. Additional witness disclosures were filed in April 2016.

{¶ 14}  On February 3, 2016, the trial court issued a notice stating that the motion for default judgment would come before the court for a non-oral hearing on February 10, 2016.

{¶ 15}  The next day, on February 4, 2016, the trial court reinstated the case, noting that it had been inadvertently terminated.

{¶ 16}  On October 20, 2016, appellant refiled his malpractice case. *See* Franklin C.P. No. 16CV-9960. The two cases were consolidated.

{¶ 17} The docket reflects that the parties continued to engage in discovery throughout 2016 and into 2017.

{¶ 18}  On December 15, 2017, the trial court granted appellees' July 10, 2015 motion for default judgment.  The court denied appellant's October 22, 2015 motion for leave to

plead to appellees' counterclaim for legal fees. The trial court referred the matter to a magistrate for a damages hearing on appellees' counterclaim for legal fees.

{¶ 19} Appellant's legal malpractice claims were not part of the court's judgment. On December 20, 2017, appellees moved to amend their answer to appellant's legal malpractice claims to assert a claim for res judicata in light of the court's decision granting their motion for default judgment on their counterclaim for legal fees. Appellant opposed this motion. The trial court granted the motion on January 22, 2018.

{¶ 20} On February 16, 2018, appellees filed a motion for summary judgment on appellant's legal malpractice claims based upon res judicata and the court's decision to grant default judgment on their counterclaim for legal fees.

{¶ 21} On March 8, 2018, the magistrate held a damages hearing on appellees' claim for unpaid legal fees. Appellee, Andrew S. Grossman, testified at the hearing about his work on appellant's divorce case and the fees still owed to appellees to represent appellant in that action. Following the hearing, the magistrate awarded appellees all of their requested damages, $14,180.06. Appellant filed objections to the decision.

{¶ 22} On May 25, 2018, the trial court overruled appellant's objections, adopted the magistrate's decision, and terminated the case. The consolidated case, Franklin C.P. No. 16CV-9960, representing appellant's claim for legal malpractice, is stayed pending resolution of this matter.

{¶ 23} Appellant has appealed the trial court's decision denying his motion for leave to plead to appellees' counterclaim and its decision overruling his objections to the magistrate's decision.

## II. ASSIGNMENTS OF ERROR

{¶ 24} Appellant presents the following two assignments of error:

No. 18AP-503

> I. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED PLAINTIFF-APPELLANT'S MOTION FOR LEAVE TO FILE REPLY TO COUNTERCLAIM, *INSTANTER*, FILED OCTOBER 22, 2015 AND AS A RESULT SIMULTANEOUSLY GRANTED DEFENDANTS-APPELLEES' MOTION FOR DEFAULT JUDGMENT.
>
> II. THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED PLAIN ERROR WHEN IT OVERRULED PLAINTIFF-APPELLANT'S OBJECTIONS TO [THE] MAGISTRATE'S DECISION FILED MARCH 16, 2018.

## III. STANDARD OF REVIEW

{¶ 25} A trial court's denial of a motion for leave to file is reviewed for an abuse of discretion. *SER Lindenschmidt v. Bd. of Commrs.*, 72 Ohio St.3d 464 (1995). A trial court's decision to overrule objections to a magistrate's decision is also reviewed for an abuse of discretion. *Pappas v. FM2, LLC*, 10th Dist. No. 17AP-258, 2017-Ohio-8548, ¶ 31. Finally, a decision to grant a motion for default judgment is reviewed for an abuse of discretion. *O'Brien v. Jirles-Clark*, 10th Dist. No. 15AP-34, 2015-Ohio-3365, ¶ 6. Despite this deferential standard, the law disfavors default judgments. The general policy in Ohio is to decide cases on their merits. *See AMCA Internl. Corp. v. Carlton*, 10 Ohio St.3d 88 (1984).

{¶ 26} "The term 'abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *SER Lindenschmidt* at 465, citing *Rock v. Cabral*, 67 Ohio St.3d 108, 112 (1993). As the Supreme Court of Ohio recognizes:

> [M]ost instances of abuse of discretion will result in decisions that are simply unreasonable, rather than decisions that are unconscionable or arbitrary. A decision is unreasonable if there is no sound reasoning process that would support that decision. It is not enough that the reviewing court, were it deciding the issue de novo, would not have found that reasoning process to be persuasive, perhaps in view of countervailing reasoning processes that would support a contrary result.

No. 18AP-503

*AAAA Ents., Inc. v. River Place Community. Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161, (1990).

## IV. LEGAL ANALYSIS

### A. The trial court did not abuse its discretion when it denied appellant's motion for leave and ultimately granted the motion for default judgment.

{¶ 27} Civ.R. 6(B) governs motions for an extension of time. It states:

> When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion * * * (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect * * *.

Thus, the proper standard by which a trial court analyzes such a motion for leave to plead out of rule is that of excusable neglect. *Marion Prod. Credit Assn v. Cochran*, 40 Ohio St.3d 265, 271 (1998), citing *Miller v. Lint*, 62 Ohio St.2d 209, 214 (1980). Regarding "excusable neglect," the Supreme Court has explained:

> The determination of whether neglect is excusable or inexcusable must take into consideration all the surrounding facts and circumstances, and courts must be mindful of the admonition that cases should be decided on their merits, where possible, rather than procedural grounds. Although excusable neglect cannot be defined in the abstract, the test for excusable neglect under Civ.R. 6(B)(2) is less stringent than that applied under Civ.R. 60(B).

(internal citations omitted.); *SER Lindenschmidt* at 466 *see also Marion Prod.* at 271. But " 'the term " 'excusable neglect' is an elusive concept which has been difficult to define and to apply." *Gamble v. Hartshorn, LLC v. Lee*, 10th Dist. No. 17AP-35, 2018-Ohio-980, ¶ 21 (analyzing "excusable neglect" in the context of a Civ.R. 60(B) motion), quoting *Natl. City Bank v. Calvey*, 10th Dist. No. 05AP-1229, 2006-Ohio-3101, ¶ 8.

{¶ 28} We and the Supreme Court have recognized that "neglect is inexcusable when the movant's inaction 'reveals a complete disregard for the judicial system and the rights of the appellee.' " *Id.*, quoting *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 153 (1976). We have also held " '[u]nusual or special circumstances can justify neglect, but if the party could have controlled or guarded against the happening or event [he or] she later seeks to excuse, the neglect is not excusable.' " *Id.*, quoting *Calvey* at ¶ 8.

{¶ 29} The same analysis applies even when a party is proceeding pro se. Neither lack of counsel nor ignorance of the legal system constitutes "excusable neglect." *Gamble* at ¶ 26, citing *Dayton Power & Light v. Holdren*, 4th Dist. No. 07CA21, 2008-Ohio-5121, ¶ 12. Rather, pro se litigants are presumed to have knowledge of the law and legal procedures, and they are held to the same standard as litigants who are represented by counsel. *Id.*; S*tate ex rel. Fuller v. Mengel*, 100 Ohio St.3d 352, 2003-Ohio-6448, ¶ 10; *Sabouri v. Ohio Dept. of Job & Family Servs.*, 145 Ohio App.3d 651, 654 (10th Dist.2001).

{¶ 30} Appellees filed their counterclaim for legal fees on April 27, 2015. Appellant did not move or plead in response to that counterclaim within the time permitted by rule. Appellant has never suggested, in this case that he himself initiated, that he was not served with the counterclaim. Appellees then moved for default judgment on their counterclaim on July 10, 2015. Despite this second notice that there was a counterclaim pending, appellant still, for months, did not move for leave to respond to the counterclaim. Although he was proceeding pro se at that point, appellant was not confused about how to file documents with the court or that he needed to respond to appellees' filings in general. He filed numerous documents in response to appellees' other filings before he eventually retained counsel. Although appellant's counsel moved for leave to plead on October 22, 2015, the only justification he gave for appellant's failure to respond timely to the

counterclaim was appellant's pro se status and unfamiliarity with the civil rules. Appellant contends that he believed that he was not required to respond to the counterclaim because his complaint and the subsequent filings made clear that he denied the appellees' allegations. Appellant's other justifications for why the court should grant his motion for leave to plead did not address the justification for his failure to respond to the counterclaim, but rather went to the totality of the circumstances, that default judgment had not yet been granted, appellant filed a responsive pleading with his motion for leave, appellees would not be prejudiced by granting leave to respond because the trial date was 15 months away, and cases should be decided on their merits.

{¶ 31} The trial court found that appellant failed to show excusable neglect. Despite his pro se status, the court noted that appellant is held to the same standard as a party represented by counsel. Even if appellant did not understand that he needed to respond to the counterclaim, he should have been alerted to that fact when appellees filed their motion for default judgment. The trial court found that appellant failed to explain this neglect and failed to explain why he still waited three months after the motion for default was filed to retain counsel and seek leave to respond. The trial court provided a sufficient explanation for its discretionary decision, and we can find nothing unreasonable, arbitrary, or unconscionable in the trial court's denial of leave.

{¶ 32} Appellant has not otherwise argued that the trial court failed to satisfy a requirement to grant default judgment. *See* Civ.R. 55(A). Rather, he argues only that the court's decision to grant default judgment should be reversed because the court abused its discretion in failing to grant him leave to respond to appellees' counterclaim. Because we find that the trial court did not abuse its discretion in denying the motion for leave, we

No. 18AP-503

overrule appellant's first assignment of error and affirm the trial court's decision to deny appellant's motion for leave and grant default judgment to appellees on their counterclaim.

**B. The trial court did not abuse its discretion or commit plain error when it overruled appellant's objections to themagistrate'sdecision.**

{¶ 33} Appellant argues that the magistrate acted improperly by presumably admitting evidence constituting business records without requiring that a proper foundation be laid for the records. Specifically, appellant identifies three exhibits he alleges were improperly admitted: the parties' engagement agreement, an itemized account history, and the most recent billing statement. Appellant argues that appellees failed to provide testimony that the records were "made at or near the time" of the events, such that the records should have been excluded. Appellant contends that there is no evidence that he owes any legal fees to appellees without this impermissible hearsay evidence. The trial court found that the engagement agreement and final fee statement were already part of the record because they were attached to the counterclaim, and that Grossman's testimony regarding his personal knowledge of the exhibits and his familiarity with the billing practices was sufficient to support admission of the exhibits.

{¶ 34} Upon review, this court finds that a damages hearing, although prudent, was unnecessary in this matter. Civ.R. 55 provides that "[i]f, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages * * *, the court may conduct such hearings or order such references as it deems necessary and proper." Thus, a Civ.R. 55(A) is permissive, not mandatory, and it is wholly unnecessary if the damages are able to be easily determined. *Am. Communications of Ohio, Inc. v. Hussein*, 10th Dist. No. 11AP-352, 2011-Ohio-6766, ¶ 15, citing *Nationwide Mut. Fire Ins. Co. v. Barrett*, 7th Dist. No. 08 MA 130, 2008-Ohio-6588,

¶ 26. " '[W]hen the complaint and the motion for default judgment clearly set forth the amount of damages' and reveal the amount to be ascertainable, 'the trial court does not abuse its discretion in relying on the amount asserted' in the complaint." *Id.* at ¶ 16, quoting *Barrett* at ¶ 26. But if " 'the determination of damages necessarily requires consideration of information outside a written instrument, the trial court abuses its discretion in failing to hold an evidentiary hearing to determine the exact amount of damages.' " *Id.*, quoting *L.S. Industries v. Coe*, 9th Dist. No. Civ.A 22603, 2005-Ohio-6736, ¶ 20. Plainly, a default hearing is not required for liquidated damages as such damages " 'can be determined with exactness from the agreement between the parties or by arithmetical process or by the application of definite rules of law.' " *Faulkner v. Integrated Servs. Network, Inc.*, 8th Dist. No. 81877, 2003-Ohio-6474, ¶ 27, quoting *Huo Chin Yin v. Amino Prods. Co.*, 141 Ohio St. 21, 29 (1943); *see also Keller & Kehoe, L.L.P. v. Smart Media of Delaware, Inc.*, 8th Dist. No. 103607, 2016-Ohio-5409, ¶ 30.

{¶ 35} Here, the counterclaim averred that appellees were owed $14,180.06 from appellant for unpaid legal fees. (Counterclaim at ¶ 6-7.) Appellees attached the parties' engagement agreement to their counterclaim, along with the final account statement that showed an unpaid balance of $14,180.06. The damages were ascertainable from the counterclaim, and no hearing was necessary. In any event, Grossman testified based upon his personal knowledge that the amount owed by appellant was $14,180.06. Although appellees may have also been proffering his testimony as that of an expert and a records custodian, it is uncontroverted that Grossman had personal knowledge as the person who signed the engagement agreement with appellant and one of the attorneys who worked on appellant's divorce case. The court finds no abuse of discretion in the trial court's determination regarding the amount of damages owed to appellees on their counterclaim.

No. 18AP-503

We overrule appellant's second assignment of error, and we affirm the trial court's decision to overrule appellant's objections to the magistrate's decision and award damages to appellees in the amount of $14,180.06 on their counterclaim against appellant.

## V. CONCLUSION

{¶ 36} Because the trial court did not abuse its discretion in denying appellant's October 22, 2015 motion for leave and awarding damages to appellees on their counterclaim, we overrule appellant's two assignments of error and we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

BRUNNER and NELSON, JJ., concur.

_____