[Cite as *State ex rel. Yost v. Taylor*, 2022-Ohio-1217.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio ex rel. Dave Yost, Attorney General of Ohio, | : | |
| Plaintiff-Appellee, | : | No. 21AP-108 (C.P.C. No. 20CV-6990) |
| v. | : | (REGULAR CALENDAR) |
| Verne Taylor, | : | |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on April 12, 2022

**On brief:** *David A. Yost*, Attorney General, *Leah Basobas O' Carroll*, and *Tammy V. Chavez* for appellee. **Argued:** *Tammy V. Chavez.*

**On brief:** *Verne Taylor,* pro se. **Argued:** *Verne Taylor.*

APPEAL from the Franklin County Court of Common Pleas

JAMISON, J.

{¶ 1} Defendant-appellant, Verne Taylor, appeals from a judgment of the Franklin County Court of Common Pleas in favor of plaintiff-appellee, granting appellee's motion for default judgment. We affirm.

**I. Facts and Procedural History**

{¶ 2} Appellant at all relevant times served as President of the Ohio Association of the Deaf ("OAD"). OAD is a charitable organization as defined in R.C. 1716.01(A) and a charitable trust as defined in R.C. 109.23.

{¶ 3} Appellee filed a complaint against appellant alleging that, between the period of January 1, 2013 to September 30, 2019, appellant used over $100,000 in

charitable funds from OAD's bank account for unauthorized purposes, including his own personal gain and/or to pay personal expenses.

{¶ 4}   The complaint further alleged that appellant owed fiduciary duties to the charitable beneficiaries of OAD including the duty of care, the duty of loyalty, the duty to properly manage accounts, and the duty to comply with the law, as well as other duties, including, but not limited to, the duty not to waste charitable trust assets and to act in the best interest of the charity.

{¶ 5}   Appellee requested remedies including, but not limited to, restitution and compensatory damages, punitive damages, and a permanent injunction that perpetually enjoined appellant from incorporating a nonprofit, holding any position, or soliciting in the State of Ohio for charitable purposes.

{¶ 6}   Appellant was properly served with a copy of the summons and complaint on November 2, 2020 but failed to file an answer.  Appellee filed a motion for default judgment on January 21, 2021.  Appellant did not file a response to the motion for default judgment.

{¶ 7}   The trial court entered judgment against appellant permanently enjoining him from any substantial involvement with a charity, ordering restitution in the amount of $140,247.84 and a civil fine in the amount of $40,000 to be paid within 90 days of the order, and ordering court costs and expenses be assessed against appellant.  Appellee served a proposed order upon appellant 10 days prior to filing same with the court pursuant to Loc.R. 55.02 of the Franklin County Court of Common Pleas, but appellant again did not respond.  It is from this order that appellant now appeals.

## II.  Assignment of Error

{¶ 8}   Appellant assigns the following error for our review:

> The trial court erred and abuse[d] its discretion in dismissing appellant's action.[1]

---

[1] While the trial court did not "dismiss appellant's action," appellant clarified in his issues presented that he was appealing the trial court's decision granting default judgment against him.

### III. Discussion

{¶ 9}  The trial court held that appellee was entitled to default judgment pursuant to Civ.R. 55(A).  "[A] decision to grant a motion for default judgment is reviewed for an abuse of discretion, *Obrien v. Jirles-Clark,* 10th Dist. No. 15AP-34, 2015-Ohio-3365, ¶ 6. Despite this deferential standard, the law disfavors default judgments.  The general policy in Ohio is to decide cases on their merits.  *See AMCA Internl. Corp v. Carlton,* 10 Ohio St.3d 88 (1984)."  *Katz v. Grossman,* 10th Dist. No. 18AP-503, 2019-Ohio-2582, ¶ 25.

{¶ 10}  Appellant is navigating the waters of the court pro se.  "We have repeatedly declared that 'pro se litigants * * * must follow the same procedures as litigants represented by counsel.'  'It is well established that pro se litigants are presumed to have knowledge of the law and legal procedures and that they are held to the same standard as litigants who are represented by counsel.' "  (Citations omitted.)  *State ex rel. Neil v. French*, 153 Ohio St.3d 271, 2018-Ohio-2692, ¶ 10.  Appellant is therefore presumed to be aware of the requirement to file responsive pleadings, as well as the consequences of failing to do so.

{¶ 11}  Appellant stated in his brief that he would appear in court on the trial date set out in the trial schedule.  However, the case had already been disposed of through default judgment.  As appellant filed no answer to the complaint nor raised defenses for failing to file an answer for the court to consider, "[a] default judgment is proper against an unresponsive defendant ' "as liability has been admitted or 'confessed' by the omission of statements refuting the plaintiff's claims." ' "  (Citations omitted.)  *Reddy v. Hogan*, 10th Dist. No. 13AP-910, 2014-Ohio-1649, ¶ 10.  The trial court did not abuse its discretion in granting appellee's motion for default judgment.  Therefore, appellant's sole assignment of error is overruled.

{¶ 12}  Having overruled appellant's sole assignment of error, the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

LUPER SCHUSTER, P.J., and DORRIAN, J., concur.

———————————————