Because I conclude that summary judgment was properly granted, I would affirm the judgment of the court below.

**FERRARI, Admr., Appellee,**

v.

**OHIO DEPARTMENT OF MENTAL HEALTH AND MENTAL RETARDATION, Appellant.**

[Cite as *Ferrari v. Ohio Dept. of Mental Health & Mental Retardation* (1990), 69 Ohio App.3d 541.]

Court of Appeals of Ohio,
Franklin County.

No. 89AP–1238.

Decided Sept. 25, 1990.

*Spangenberg, Shibley, Traci & Lancione, John D. Liber* and *Kevin T. Roberts; Daniel L. Rossi,* for appellee.

*Anthony J. Celebrezze, Jr.,* Attorney General, and *Michael W. Gleespen,* for appellant.

Koehler, Judge.

This case is on appeal from a judgment of the Ohio Court of Claims awarding $229,181.25 to the parents of John Ferrari as the result of their son's wrongful death while under the care of the Woodside Receiving Hospital in Youngstown, Ohio. The state appeals this judgment contending that the trial court, to the detriment and prejudice of the state, failed to make findings of fact and conclusions of law according to R.C. 2743.12, thereby rendering a proper review of the damage award impossible.

Plaintiff, Julius Ferrari, administrator of the estate of John Ferrari, filed his original complaint in the Court of Claims on February 24, 1984. The complaint alleged a cause of action for wrongful death arising from the death of plaintiff's son while under the care of Woodside Receiving Hospital ("Woodside") in Youngstown, Ohio. Woodside is an institution operated by defendant Ohio Department of Mental Health and Mental Retardation. Defendant answered plaintiff's complaint denying any negligence and counterclaimed pursuant to R.C. Chapter 5121 for the cost and maintenance of decedent in the amount of $7,670.70.

Plaintiff's wrongful death cause of action is based on the failure of defendant and its agents to properly diagnose and treat a blood clot in decedent. Defendant stipulated to liability with respect to this cause of action. Accordingly, the case proceeded to trial solely on the issue of damages.

Expert testimony was received by the Court of Claims concerning the diagnosis of decedent's mental illness during his stay at Woodside. Further, each expert offered a prognosis bearing on decedent's ability to sufficiently recover from his illness and provide support and service to his parents. The devastating effect, as well as pain and suffering incurred by decedent's parents, was also submitted to the court.

On September 15, 1989, the Court of Claims awarded plaintiff the sum of $229,181.25 for the loss of services and society and for the mental anguish in connection with the wrongful death of decedent. The written decision of the

court set forth the conclusion that decedent suffered from "undifferentiated schizophrenia" at the time of his death. The court discounted the testimony of plaintiff's expert, Dr. Kathleen May Quinn, and adopted the conclusions of defendant's expert, Dr. Ralph F. Henn, finding damages as follows:

"Applying R.C. 2125.02(B) to the damage issue, the court finds that the plaintiff has failed to prove by a preponderance of the evidence either a loss of support from the reasonably expected earning capacity of the decedent or a loss of prospective inheritance to the decedent's heirs at law at the time of death.

"The court finds that plaintiff has proven by the greater weight of the evidence a loss of services of the decedent, a loss of the society of the decedent, and mental anguish incurred by the parents which are compensable under R.C. 2125.02(B). Plaintiff also is entitled to hospital expenses of $775.20. Judgment shall be rendered for the plaintiff in the amount of $225,000 plus $4,181.25 for funeral expenses for a total judgment of $229,-181.25."

Defendant now brings the instant appeal arguing prejudice by the trial court's inadequate findings of fact on the issue of decedent's prognosis. The assignment of error is as follows:

"The trial court erred by failing to make findings of fact and conclusions of law which addressed all issues presented by the parties as required by R.C. § 2743.12."

The issue defendant frames for our review states:

"Whether or not the Court of Claims prejudices the appellant by failing to make adequate findings of fact and conclusions of law on all material issues."

Defendant asserts that the findings of fact and conclusions of law issued by the Court of Claims in its decision were insufficient to comport with R.C. 2743.12. We disagree.

R.C. 2743.12 states:

"The court of claims shall render its judgments against the state in writing and shall include separate findings of fact and conclusions of law. *An opinion, memorandum, or decision stating the judgment and containing separate findings of fact and conclusions of law shall be sufficient to satisfy the requirements of this section.* Judgments shall be entered on the journal and the clerk shall certify on the judgment the date of journalization and shall send copies of the judgment to the claimant and the attorney general." (Emphasis added.)

The Court of Claims issued a decision containing separate findings of fact and conclusions of law as required by R.C. 2743.12. This decision is solely

directed at the issue of damages due to the stipulation of liability on the part of the state. In a preliminary matter, the court held, pursuant to the Ohio wrongful death statute, R.C. 2125.02, that decedent's adult sisters were not entitled to damages for loss of society and mental anguish.

The findings of fact found by the trial court are parlayed in the section of the decision entitled "Medical Issue." A chronicle of decedent's mental illness and associated symptoms, social difficulties, criminal record and pathology at Woodside was provided by the court in its findings. The testimony of defendant's expert, Dr. Henn, and plaintiff's expert, Dr. Quinn, was substantially repeated in the body of the court's decision. After indicating that the court had "the benefit of outstanding expert witnesses," it concluded in conformity with the state's expert that decedent suffered from "undifferentiated schizophrenia."

As a result of this finding, damages for loss of support or prospective inheritance to decedent's heirs at law were denied due to decedent's prognosis showing a poor or unlikely chance for recovery. Dr. Henn stated:

" * * * The insidious onset of his condition, the extended prodromal phase, the patient's unsuccessful academic and vocational record, the particularly dense and disabling nature of his psychotic symptoms, the lack of identifiable response to intense and sustained antipsychotic treatment, the patient's lack of insight about his difficulty and lack of willingness to accept treatment voluntarily, and the patient's history of imprudent use of alcohol and drugs, combined to make the prognosis particularly poor in this case. It cannot be said with certainty that the patient would ever have recovered a level of function significantly higher than that he was displaying in the last several months of his life. It might be hoped that sufficient recovery could have been achieved, such that a long term institutional placement would not have been required. However, even if this were achieved, *it is very likely that the patient would have remained disabled from any sustained gainful employment.* * * * " (Emphasis added.)

The Court of Claims further held in the "Damages" section of its decision that, by the weight of the evidence, damages for loss of services, loss of society and mental anguish incurred by decedent's parents are recoverable. Accordingly, the court granted judgment for plaintiff in the amount of $225,000, plus $4,181.25 for funeral expenses, and dismissed defendant's counterclaim due to a lack of evidence.

However, defendant argues that these findings and conclusions are insufficient to comply with R.C. 2743.12, alleging that decedent's prognosis and effective treatment were not addressed. The record in this case clearly contradicts defendant's assertions.

Civ.R. 52, which in most respects is identical to R.C. 2743.12, states:

"When questions of fact are tried by the court without a jury, judgment may be general for the prevailing party unless one of the parties in writing requests otherwise before the entry of judgment pursuant to Civ.R. 58, or not later than seven days after the party filing the request has been given notice of the court's announcement of its decision, whichever is later, in which case, the court shall state in writing the conclusions of fact found separately from the conclusions of law."

The purpose of this rule, as well as R.C. 2743.12, is to aid an appellate court on appeal to determine the validity of a trial court's judgment. *Werden v. Crawford* (1982), 70 Ohio St.2d 122, 24 O.O.3d 196, 435 N.E.2d 424. Further, a decision of a trial court which recites various facts and legal conclusions satisfies the requirements of Civ.R. 52, where, when considered together with other parts of the record, it formed an adequate basis upon which to decide the legal issues on appeal. *Stone v. Davis* (1981), 66 Ohio St.2d 74, 20 O.O.3d 64, 419 N.E.2d 1094; *In re Schoeppner* (1976), 46 Ohio St.2d 21, 75 O.O.2d 12, 345 N.E.2d 608. In the case *sub judice*, the basis for the trial court's award of damages is abundantly clear. The court accepted the diagnosis and prognosis of the state's expert which predicated the damage award at issue. However, defendant finds error in the court's decision due to the fact that specific monetary figures for loss of services and loss of society and for mental anguish are not separated from the total judgment.

Defendant's failure to object to the court's findings and conclusions and the sufficient compliance on the part of the court with R.C. 2743.12 renders error, if any, nonprejudicial and harmless. See *Rogers v. Whitehall* (Sept. 10, 1985), Franklin App. No. 85AP–297, unreported, 1985 WL 10157. Further, special findings or interrogatories could have been requested by defendant in order to ascertain the monetary value of each part of the total judgment awarded. The court's decision and record does indeed provide an adequate basis to understand this decision.

The Sixth Circuit Court of Appeals in *Grover Hill Grain Co. v. Baughman–Oster, Inc.* (C.A.6, 1984), 728 F.2d 784, interpreted Fed.Civ.R. 52(a), which mandates the trial judge to separately state findings of fact and conclusions of law, by stating:

"Indeed, the failure to even make an express finding of a particular fact does not require reversal if a complete understanding of the issues may be had without the aid of separate findings. \* \* \* " (Citations omitted.) *Id.* at 793.

Therefore, we find that defendant's assignment of error is not well taken due to the fact that the Court of Claims sufficiently entered its findings of fact and conclusions of law in compliance with statute.

Defendant's assignment of error is accordingly overruled.

*Judgment affirmed.*

REILLY, P.J., and JOHN C. YOUNG, J., concur.

RICHARD N. KOEHLER, J., of the Twelfth Appellate District, sitting by assignment.