[Cite as *CitiMortgage, Inc. v. Kinney*, 2014-Ohio-1725.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
No.   100099

---

## CITIMORTGAGE, INC.

PLAINTIFF-APPELLEE

vs.

## JEROME KINNEY, ET AL.

DEFENDANTS-APPELLANTS

---

**JUDGMENT:**
AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-11-759397

**BEFORE:**   Boyle, A.J., Kilbane, J., and McCormack, J.

**RELEASED AND JOURNALIZED:**    April 24, 2014

**ATTORNEY FOR APPELLANT**

Michael Aten
20525 Center Ridge Road
Westgate Towers, Suite 501
Rocky River, Ohio    44116

**ATTORNEYS FOR APPELLEE**

**For CitiMortgage, Inc.**

Kara A. Czanik
Gradon Head & Ritchey, L.L.P.
1900 Fifth Third Center
511 Walnut Street
Cincinnati, Ohio    45201

Joshua J. Epling
7550 Paragon Road
Dayton, Ohio    45459

**For state of Ohio, Department of Taxation**

Mike DeWine
Ohio Attorney General
Donn D. Rosenblum
Assistant Attorney General
Collections Enforcement Section
150 East Gay Street, 21st Floor
Columbus, Ohio    43215

MARY J. BOYLE, A.J.:

{¶1} Defendants-appellants, Jerome and Verna Kinney, appeal from the trial court's decision granting summary judgment to plaintiff-appellee, CitiMortgage, Inc., on its foreclosure complaint. They raise two assignments of error for our review:

> 1. The trial court erred in granting summary judgment in favor of plaintiff-appellee.

> 2. The trial court erred in holding that defendant[s]-appellants' objection to the magistrate's decision was untimely.

{¶2} Finding no merit to their appeal, we affirm.

### Procedural History and Factual Background

{¶3} In February 2008, the Kinneys purchased a home in Cleveland, Ohio, originally borrowing $166,095 from Howard Hanna Mortgage Services. The mortgage was recorded on February 19, 2008. On December 15, 2009, Howard Hanna assigned the note and mortgage to CitiMortgage. The assignment was recorded on December 21, 2009.

{¶4} CitiMortgage filed a complaint in foreclosure against the Kinneys in July 2011, alleging that it was the holder of a note and mortgage on the Kinneys' property. It further alleged that the note was in default and that the Kinneys owed $161,897.72 on the note, plus interest, costs, late charges, and advances for taxes, insurance, and other charges as set forth in the note, deed, and existing law. CitiMortgage sought, inter alia, judgment on the note and foreclosure on the property.

**{¶5}** In August 2011, the trial court stayed the case and referred the parties to mediation. After mediation failed, the case was referred back to the trial court in March 2012. Subsequently, the Kinneys answered the complaint and brought counterclaims against CitiMortgage.

**{¶6}** In January 2013, CitiMortgage moved for summary judgment. The Kinneys moved for partial summary judgment. On April 12, 2013, the trial court granted summary judgment to CitiMortgage on all of its claims and on the Kinneys' counterclaims. The trial court denied the Kinneys' partial summary judgment motion.

**{¶7}** The magistrate issued his decision on May 15, 2013, granting a decree of foreclosure to CitiMortgage. In his decision, the magistrate noted that the judge had previously found in favor of CitiMortgage on the parties' competing summary judgment motions. The magistrate then found that the Kinneys owed CitiMortgage $161,897.72 with interest at a rate of 6.25 percent per annum from April 1, 2010.

**{¶8}** On May 20, 2013, the Kinneys requested findings of fact and conclusions of law "as to their affirmative defenses and counterclaims." On June 11, 2013, the trial court denied the Kinneys' request for findings of fact and conclusions of law, adopted the magistrate's decision, and entered a decree of foreclosure to CitiMortgage.

**{¶9}** On June 13, 2013, the Kinneys moved for reconsideration of the trial court's decision denying its request for findings of fact and conclusions of law. On June 20, 2013, the Kinneys filed objections to the magistrate's decision. The trial court denied both on July 11, 2013.

{¶10} On July 11, 2013, the Kinneys filed their notice of appeal, challenging the June 11, 2013 judgment of the trial court adopting the magistrate's decision. We will address the Kinneys' assignments of error out of order for ease of discussion.

Objections to a Magistrate's Decision

{¶11} In their second assignment of error, the Kinneys argue that the trial court erred when it ruled that their objections to the magistrate's decision were untimely filed. They contend that because they requested findings of fact and conclusions of law within the time frame set forth in Civ.R. 53(D)(3)(a)(ii), that their time to object to the magistrate's decision was tolled.

{¶12} Civ.R. 53(D)(3)(a)(ii) provides:

[A] magistrate's decision may be general unless findings of fact and conclusions of law are timely requested by a party or otherwise required by law. A request for findings of fact and conclusions of law shall be made before the entry of a magistrate's decision or within seven days after the filing of a magistrate's decision.

{¶13} Civ.R. 53(D)(3)(b)(i) provides that

A party may file written objections to a magistrate's decision within fourteen days of the filing of the decision[.] * * * If a party makes a timely request for findings of fact and conclusions of law, the time for filing objections begins to run when the magistrate files a decision that includes findings of fact and conclusions of law.

{¶14} The trial court denied the Kinneys' request for findings of fact and conclusions of law because it found that the magistrate's decision already contained findings and conclusions on all matters. The trial court relied on *Morgan Stanley Credit Corp. v. Fillinger*, 8th Dist. Cuyahoga No. 98197, 2012-Ohio-4295, in support of

its judgment, finding the magistrate's decision in the Kinneys' case to be nearly identical to the one in *Fillinger*.

**{¶15}** We have reviewed *Fillinger* and agree with the trial court that it is directly on point with the present case. In *Fillinger*, a magistrate issued a decision on January 11, 2012. Fillinger requested findings of fact and conclusions of law the following day, which was denied by the trial court on January 18, 2012. Fillinger filed a renewed motion for findings of fact and conclusions of law on March 1, which was denied by the trial court on March 12, 2012. Fillinger then filed objections to the magistrate's January 11 decision on March 21, 2012. This court agreed with the bank that Fillinger all but waived plain error. *Id.* at ¶ 17. We reviewed the magistrate's decision and found that it had thoroughly examined and addressed each element of the complaint, cross-complaint, and third-party complaint in the case. We further explained:

> [T]he magistrate reviewed Morgan Stanley and MERS' motion for summary judgment on Fillinger's claims of fraud and their claim for bankruptcy as well as Fillinger's cross motion for summary judgment. The magistrate determined that no genuine issue as to any material fact existed and that reasonable minds could come to but one conclusion and that conclusion was adverse to Fillinger. The magistrate then noted that the trial court granted Morgan Stanley and MERS' motion for summary judgment on their complaint in foreclosure and on Fillinger's claim of fraud while denying Fillinger's motion for summary judgment.

*Id.* at ¶ 16.

**{¶16}** We concluded in *Fillinger* that because the magistrate's decision contained the requisite findings of fact and conclusions of law with regards to all claims raised by Fillinger, that the proper remedy would have been to file timely objections to the

magistrate's decision, not request findings of fact and conclusions of law. *Id.* at ¶ 17. We therefore found that Fillinger waived all but plain error, which we declined to find. *Id.*

**{¶17}** Here, just as in *Fillinger*, it was the trial judge who granted CitiMortgage's summary judgment motion on its claims and the Kinneys' counterclaims and denied the Kinneys' partial summary judgment motion. The Kinneys requested findings of fact and conclusions of law from the magistrate on their affirmative defenses and counterclaims. But it was the trial judge who decided those matters when it ruled on the competing summary judgment motions. The trial court is not required to give findings of fact and conclusions of law when it decides a summary judgment motion. The magistrate noted in his decision that the trial court previously ruled on all matters when it decided the parties' summary judgment motions. We agree with the trial court that "[t]he magistrate cannot make findings and facts and conclusions of law on a judge's ruling other than to find that the judge previously ruled."

**{¶18}** Accordingly, we agree with the trial court that *Fillinger* is directly on point with the present case, i.e., the Kinneys' request for findings of fact and conclusions of law did not toll their time to file objections to the magistrate's decision. And because the Kinneys did not file their objections to the magistrate's decision until well past the 14-day requirement, their objections were untimely filed.

**{¶19}** The Kinneys' second assignment of error is overruled.

<u>Summary Judgment</u>

**{¶20}** In their first assignment of error, the Kinneys argue that the trial court erred when it granted summary judgment to CitiMortgage on their affirmative defense that CitiMortgage failed to follow mandatory, pre-foreclosure loss mitigation procedures required by the Department of Veterans Affairs ("VA"). CitiMortgage argues that we should only review this assignment of error for plain error because the Kinneys did not file timely objections to the magistrate's decision. Civ.R. 53(D)(3)(b)(iv) provides:

> Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b).

**{¶21}** We disagree with CitiMortgage regarding our standard of review. The Kinneys could not object to the magistrate's findings or conclusions on the summary judgment motions, because there were none. It was the trial judge who decided the summary judgment motions. Thus, we will review the Kinneys' first assignment of error using our normal standard of review for summary judgment motions.

**{¶22}** An appellate court reviews a decision granting summary judgment on a de novo basis. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). Summary judgment is properly granted when (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made. Civ.R. 56(C); *State ex*

*rel. Duganitz v. Ohio Adult Parole Auth.*, 77 Ohio St.3d 190, 191, 672 N.E.2d 654 (1996).

**{¶23}** The Kinneys argue that under VA Circular 26-10-6, CitiMortgage was required to evaluate their financial circumstances to determine if they were eligible for a loan modification pursuant to the Home Affordable Modification Program ("HAMP") before CitiMortgage instituted the foreclosure action against them. The Kinneys maintain that CitiMortgage did not do so until well after it had commenced the foreclosure action against them.

**{¶24}** VA Circular 26-10-6 provides "authority and revised instructions for modifying VA-guaranteed home loans in accordance with the President's Making Home Affordable (MHA) program." The intent of the instructions "is to ensure that veteran borrowers receive the opportunity to be considered for affordable loan modifications when other home retention loss mitigation options are not feasible."

**{¶25}** VA Circular 26-10-6 explains the "background" of its publication as:

VA has a longstanding policy of encouraging servicers to work with veteran borrowers to explore all reasonable options to help them retain their homes, or when that is not feasible, to mitigate losses by pursuing alternatives to foreclosure. In an effort to help homeowners avoid foreclosure, the President announced the MHA program to make home loans more affordable. Two main features of this program are the Home Affordable Refinance Program (HARP) and the Home Affordable Modification Program (HAMP). HARP was introduced to help borrowers refinance at lower interest rates despite high loan-to-value (LTV) ratios, and provides relief similar to VA's existing Interest Rate Reduction Refinancing Loan (IRRRL) program. HAMP was introduced to avoid foreclosures by modifying loans to increase affordability relative to borrower income. Under HAMP, an affordable modification is defined as a new monthly mortgage payment (including principal, interest, property

taxes, insurance, and condominium or homeowners' association fees (PITIA)) that is no greater than 31 percent of the borrower's monthly gross income. This circular explains how VA loan modifications conform to the MHA program.

**{¶26}** Under "Guidance to Servicers," VA Circular 26-10-6 provides that the "VA expects servicers to exert all reasonable efforts to assist veteran borrowers in retaining ownership of their homes or mitigating losses when retention is not possible." It instructs that "servicers must first evaluate defaulted mortgages for traditional loss mitigation actions cited in Title 38, Code of Federal Regulations, section 36.4819 (38 CFR 36.4819); i.e., repayment plans, special forbearances, and traditional loan modifications." It then provides that "[i]f none of the traditional home retention loss mitigation options provide an affordable payment, the servicer must evaluate the loan for a HAMP-style modification prior to deciding that the default is insoluble and exploring alternatives to foreclosure."

**{¶27}** The Kinneys assert that VA circulars have the "force and effect" of law where they prescribe "substantive" rules, citing to *Rank v. Nimmo*, 677 F.2d 692 (9th Cir.1982). In *Rank*, the court held that

> [i]n order for the Lenders Handbook and the VA circulars to have the "force and effect of law," they must (1) prescribe substantive rules — not interpretive rules, general statements of policy or rules of agency organization, procedure or practice — and, (2) conform to certain procedural requirements.

*Id.* at 698 (determined that the handbook and circulars at issue did not prescribe substantive rules). The Kinneys maintain that VA Circular 26-10-6 is substantive. Thus, they contend that they had an affirmative defense to foreclosure because

CitiMortgage did not follow the mandatory mitigation procedures set forth in VA Circular 26-10-6. They therefore claim that they were entitled to summary judgment.

{¶28} We disagree with the Kinneys that VA Circular 26-10-6 provides substantive rules. The circular explains that its purpose is to provide *instructions* for modifying VA-guaranteed loans. It further states that it "*explains* how VA loan modifications conform to the MHA program." (Emphasis added.) And the portion of VA Circular 26-10-6 quoted by the Kinneys, where they assert that it mandates a substantive rule (that servicers "must evaluate the loan for a HAMP-style modification before deciding that the default is insoluble and exploring alternatives to foreclosure"), is contained within a section of VA Circular 26-10-6 entitled "*Guidance* to Servicers." (Emphasis added.) Thus, the VA Circular 26-10-6 provides interpretive rules and general statements of the VA's procedures and policies, not substantive rules.

{¶29} Even if we were to agree with the Kinneys that VA Circular 26-10-6 provides substantive rules, their argument that the trial court erred when it granted summary judgment to CitiMortgage still lacks merit. CitiMortgage put forth evidence in their summary judgment motion establishing that they did engage with the Kinneys to determine their financial situation prior to filing the foreclosure action. CitiMortgage attached several documents to its summary judgment motion, all verified by affidavit, including correspondences sent to the Kinneys requesting information on their current financials. CitiMortgage filed the foreclosure action in July 2011. CitiMortgage first sent a letter to the Kinneys on December 15, 2010, informing them that they may be

eligible for certain loss-mitigation programs, including a loan modification, but that they first had to provide their current financial information to CitiMortgage within ten days of the letter. The Kinneys did not do so until June 2011.

{¶30} Moreover, in May 2011, CitiMortgage sent a letter to the Kinneys requesting that they attend a meeting with CitiMortgage and Neighborhood Housing Services of Greater Cleveland to review homeowner assistance options. Further, Jerome Kinney admitted in his deposition that he spoke with CitiMortgage personnel "maybe one or two" times regarding his mortgage and financial situation prior to CitiMortgage filing the foreclosure action. He later said he spoke to someone "two or three times" about his financial condition and possible loan modifications.

{¶31} The Kinneys also argue that under the doctrine of unclean hands, they were entitled to summary judgment. They maintain that CitiMortgage did not deal in good faith with them. But based upon our previous discussion, it is clear that CitiMortgage attempted to engage the Kinneys in good faith numerous times regarding their loan and financial situation.

{¶32} Accordingly, the trial court did not err when it granted summary judgment to CitiMortgage.

{¶33} Judgment affirmed.

It is ordered that appellee recover from appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

_____

MARY J. BOYLE, ADMINISTRATIVE JUDGE

MARY EILEEN KILBANE, J., and
TIM McCORMACK, J., CONCUR