[Cite as *Slosser v. Supance,*, 2021-Ohio-319.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Anthony Slosser, | : | |
| Plaintiff-Appellant, | : | |
| | | No. 20AP-15 |
| v. | : | (C.P.C. No. 13JU-12252) |
| Alicia C. Supance et al., | : | (REGULAR CALENDAR) |
| Defendants-Appellees. | : | |

D E C I S I O N

Rendered on February 4, 2021

**On brief:** *Dougherty, Hanneman & Snedaker, LLC,* and *Douglas B. Dougherty*, for appellant. **Argued:** *Douglas B. Dougherty.*

**On brief:** *Jessica M. Wood*, for appellees. **Argued:** *Jessica M. Wood.*

APPEAL from the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch

DORRIAN, P.J.

{¶ 1} Plaintiff-appellant, Anthony Slosser ("Father") appeals from the December 10, 2019 judgment entry of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, in which the trial court denied his motion to set aside a September 4, 2019 magistrate's notice and granted defendant-appellee's, Alicia Supance ("Mother"), motion to dismiss Father's objections to the August 16, 2019 magistrate's decisions. The trial court also overruled Father's objections and adopted the August 16, 2019 magistrate's decisions. For the following reasons, we affirm in part and reverse in part.

## I. Facts and Procedural History

{¶ 2}   The parties were never married but are the parents of one minor child.  A shared parenting plan was filed with the trial court on April 2, 2015.  The shared parenting plan was modified on May 5, 2017.  Father filed objections, but the shared parenting plan was adopted by the trial court.  Subsequently, on July 24, 2018 and January 7, 2019, the trial court filed new shared parenting plans.

{¶ 3}   On July 11, 2018 and April 26, 2019, Father filed two motions for order to show cause why Mother should not be held in contempt related to compliance with the shared parenting plan.  On October 11, 2018, Mother also filed a motion for order to show cause.  On December 26, 2018, Father filed a motion for an award of attorney fees.  A magistrate held hearings on these matters.  On August 16, 2019, the magistrate filed two decisions.  One decision denied Mother's October 11, 2018 motion for order to show cause and denied Father's December 26, 2018 motion for attorney fees.  The other decision denied Father's two motions for order to show cause, filed July 11, 2018 and April 26, 2019. The trial court adopted the decisions that same day, August 16, 2019.

{¶ 4}   On August 23, 2019, Father attempted to e-file two requests for findings of fact and conclusions of law regarding the magistrate's decisions.  However, by e-mail, the clerk of courts informed counsel that the filings were not accepted because motions require a request for hearing, or a proposed order or entry be filed along with the motions.  On August 27, 2019, Father refiled the two requests along with proposed entries.  One request sought findings of fact and conclusions of law regarding the magistrate's August 16, 2019 denial of Father's two motions for contempt.  The other was more limited and requested "only" findings "pertaining to the Court's denial of [Father's] Motion for Attorneys' Fees" filed December 26, 2018.  On August 30, 2019, Mother filed a motion to dismiss the requests on grounds of untimeliness.

{¶ 5}   On September 4, 2019, the magistrate filed a "magistrate's notice," finding it is not necessary for the magistrate to issue findings of fact and conclusions of law in contempt proceedings, citing *McCord v. McCord*, 10th Dist. No. 97APF03-298 (Dec. 16, 1997).  The magistrate also noted the request for attorney fees was directly related to the contempt proceedings and there was insufficient basis to order attorney fees.  The magistrate noted the parties had competing contempt motions and there was no finding of

contempt for either party. The magistrate indicated the parties were responsible for their own attorney fees and R.C. 3105.73 was not applicable.

{¶ 6} On September 9, 2019, Father filed a motion to set aside the September 4, 2019 magistrate's notice regarding his requests for findings of fact and conclusions of law. On September 11, 2019, Father filed objections to the magistrate's decisions issued August 16, 2019. On September 20, 2019, Mother filed a motion to dismiss Father's objections as untimely. Father filed a memorandum contra to Mother's motion to dismiss the objections. On October 8, 2019, Father filed a supplemental memorandum in support of his objections. The trial court held a hearing on October 22, 2019. On December 10, 2019, the trial court denied Father's motion to set aside the September 4, 2019 magistrate's notice and granted Mother's motion to dismiss Father's objections to the August 16, 2019 magistrate's decisions.

## II. Assignments of Error

{¶ 7} Father has filed a timely notice of appeal of the December 10, 2019 decision and assigns the following two assignments of error for our review:

> I. The trial court erred when it denied the Father's motion to set aside the magistrate's [notice] issued on September 4, 2019 that denied the Father's request for additional findings of fact and conclusions of law.

> II. The trial court erred when it granted the Mother's motion to dismiss the Father's objections [to the August 16, 2019 magistrate's decisions].

## III. Analysis

{¶ 8} We begin by addressing the applicable general rules for filing of requests for findings of fact and conclusions of law and objections. Then we will address the assignments of error as applicable to the claims for contempt set forth by Father in his motions. Finally, we will address the assignments of error as applicable to the claims for attorney fees set forth by Father in his motions.

### A.    General Rules for Filing of Requests for Findings of Fact and Conclusions of Law and Filing of Objections

{¶ 9}    In his first assignment of error, Father contends the trial court erred when it denied his motion to set aside the September 4, 2019 magistrate's notice that denied his requests for additional findings of fact and conclusions of law.

{¶ 10}  Civ.R. 53 and Juv.R. 40 both provide that written objections to a magistrate's decision must be filed within 14 days of the filing of the decision.[1]  However, a party may file a request for findings of fact and conclusions of law and Civ.R. 53(D)(3)(a)(ii) provides that a "magistrate's decision may be general unless findings of fact and conclusions of law are timely requested by a party or otherwise required by law.  A request for findings of fact and conclusions of law shall be made before the entry of a magistrate's decision or within seven days after the filing of a magistrate's decision.  If a request for findings of fact and conclusions of law is timely made, the magistrate may require any or all of the parties to submit proposed findings of facts and conclusions of law." *See also* Juv.R. 40(D)(3)(a)(ii).[2]  A timely request for findings of fact and conclusions of law tolls the time for filing objections to the magistrate's decision.  Civ.R. 53(D)(3)(b)(i).[3]  However, if the request for findings of fact and conclusions of law was not deemed timely filed, the request does not toll the time for filing objections.  *Levy v. Ivie*, 195 Ohio App.3d 251, 2011-Ohio-4055, ¶ 12 (10th Dist.); *Whiteside v. Madison Corr. Inst.*, 10th Dist. No. 04AP-401, 2005-Ohio-1844, ¶ 4.

---

[1] Civ.R. 53(D)(3)(b)(i) provides: "A party may file written objections to a magistrate's decision within fourteen days of the filing of the decision, whether or not the court has adopted the decision during that fourteen-day period as permitted by Civ.R. 53(D)(4)(e)(i)." Juv.R. 40(D)(3)(b)(i) provides: "A party may file written objections to a magistrate's decision within fourteen days of the filing of the decision, whether or not the court has adopted the decision during that fourteen-day period as permitted by Juv.R. 40(D)(4)(e)(i)."

[2] Juv.R. 40(D)(3)(a)(ii) provides: "Subject to the terms of the relevant reference, a magistrate's decision may be general unless findings of fact and conclusions of law are timely requested by a party or otherwise required by law. A request for findings of fact and conclusions of law shall be made before the entry of a magistrate's decision or within seven days after the filing of a magistrate's decision. If a request for findings of fact and conclusions of law is timely made, the magistrate may require any or all of the parties to submit proposed findings of fact and conclusions of law."

[3] Civ.R. 53(D)(3)(b)(i) provides: "If a party makes a timely request for findings of fact and conclusions of law, the time for filing objections begins to run when the magistrate files a decision that includes findings of fact and conclusions of law."

**B. Father's Claims for Contempt**

{¶ 11} In order for Father's requests for findings of fact and conclusions of law to be considered timely, he was required to file the requests within seven days of the magistrate's decision. Father acknowledges his requests for findings of fact and conclusions of law were not filed within seven days of the filing of the magistrate's decisions. The magistrate's decisions were filed on August 16, 2019. Father's requests for findings of fact and conclusions of law were filed on August 27, 2019. Father argues the trial court should have deemed his requests for findings of fact and conclusions of law as timely filed because he attempted to e-file the requests for findings of fact and conclusions of law on the seventh day, August 23, 2019. However, the clerk of courts informed counsel that the filing was not accepted because motions require a request for hearing, or a proposed order or entry be filed along with the motion. That same day, Father refiled the two requests with proposed entries. Father contends the trial court failed to consider that the requests submitted on August 23, 2019 were properly and timely filed and that the clerk of courts improperly rejected them.

{¶ 12} The trial court provided three reasons for denying Father's motion to set aside the September 4, 2019 magistrate's notice denying the requests for findings of fact and conclusions of law. First, the trial court determined Father did not demonstrate sufficient evidence for the court to find good cause and grant leave for his untimely filings. Second, the trial court held findings of fact and conclusions of law were not necessary in contempt proceedings and, third, the trial court found the magistrate's decision included more than sufficient requisite findings and no additional findings were necessary. We agree with the trial court's determination that the magistrate's decisions included more than sufficient requisite findings and no additional findings were necessary with regard to the claims of contempt.

{¶ 13} As noted above, Civ.R. 53(D)(3)(a)(ii) provides: "[A] magistrate's decision may be general unless findings of fact and conclusions of law are timely requested by a party or otherwise required by law." *See also* Juv.R. 40(D)(3)(a)(ii). However, Ohio courts have determined that when a magistrate's decision substantially complies with Civ.R. 53, in the absence of prejudice, the failure to issue additional findings of fact and conclusions of law

is not reversible error. *In re Appeal of Citywide Ambulance Servs. Inc. v. Dir., Ohio Dept. of Human Servs.*, 10th Dist. No. 96APE08-1119 (Apr. 17, 1997).

{¶ 14} Furthermore, the purpose of separately stated findings of fact and conclusions of law is to enable a reviewing court to determine the existence of assigned error. *Pearson v. Pearson*, 10th Dist. No. 96APF08-1100 (May 20, 1997), citing *Davis v. Wilkerson*, 29 Ohio App.3d 100, 101 (9th Dist.1986). In *McNeilan v. Ohio State Univ. Med. Ctr.*, 10th Dist. No. 10AP-472, 2011-Ohio-678, ¶ 43, this court stated that a magistrate's decision substantially complies with Civ.R. 53, as follows:

> A decision that recites various facts and legal conclusions is sufficient when, considered with the rest of the record, it forms an adequate basis to decide the issues on appeal. *Ferrari v. Ohio Dept. of Mental Health & Mental Retardation* (1990), 69 Ohio App.3d 541, 545, 591 N.E.2d 284. Although *Ferrari* dealt with a trial court's findings of fact and conclusions of law under Civ.R. 52, this court's reasoning applies by logical extension to a magistrate's findings of fact and conclusions of law under Civ.R. 53.

Thus, if a review of the magistrate's decision recites the facts and legal conclusions and, when considered with the rest of the record, the decision forms an adequate basis to decide the issues on appeal, it substantially complies with Civ.R. 53.

{¶ 15} In this case, although the magistrate's findings of fact were not separately set out, the body of the decisions provide clearly identifiable factual findings and specific conclusions of law regarding the July 11, 2018 and April 26, 2019 contempt motions:[4] The magistrate found all the pending motions before the magistrate alleged violations of the shared parenting plan effective July 24, 2018. The magistrate briefly described the testimony provided regarding the parties' positions as to whether Mother violated the terms of the prior orders with respect to Father's summer parenting time in 2018 and Father's telephone access to the child. The magistrate specifically found that the parties were negotiating potential changes to the shared parenting plan. During those negotiations, the parties also discussed a modification of the summer 2018 schedule where Father's time

---

[4] These facts are taken from the magistrate's decision denying Father's motion for contempt. The magistrate denied Mother's motion for contempt; thus, Father's motion for additional findings of fact and conclusions of law regarding that decision is unnecessary. Father only argues regarding the findings of fact requested regarding his motion for contempt and his motion for attorney fees.

would begin and end later to accommodate a trip to Washington for Mother (Mother would have Thursday evening through Friday evening before Memorial Day and Father would receive a day in August). The negotiations on the potential changes to the shared parenting plan failed but Mother testified that the one time vacation schedule change for summer 2018 was separate and distinct from the negotiations involving the potential changes to the shared parenting plan. Mother testified she relied on Father's agreement and purchased plane tickets to Washington.

{¶ 16} The magistrate further observed that Father also argued Mother deprived him of his visitation time on the Wednesday before Memorial Day in 2018. Mother sent Father an itinerary for the Washington trip indicating that she was traveling on Wednesday night. The shared parenting plan provided that Father could exercise Wednesday parenting time with the child if he provided a 48-hour notice. Mother testified that Father had not been exercising his Wednesday time. However, after Father received the itinerary for the trip, he provided his 48-hour notice. The magistrate found the basic terms of Mother's vacation had been discussed and agreed upon before the negotiations failed regarding the other potential changes to the shared parenting plan.

{¶ 17} The magistrate found that with respect to the telephone access, Father typically received his court-ordered communication but from time to time calls were missed. Mother testified regarding the various reasons calls had been missed, including a one-time phone malfunction, the child being in bed another evening, and Father's refusal to call anyone other than Mother, even when Father was informed that the child was in the care of another adult. The magistrate found Father had been offered the opportunity to contact the child through the other individuals when the child was not with Mother, but Father refused. The magistrate acknowledged testimony was offered that Father had a great deal of animosity toward the child's stepfather, but the magistrate believed contacting the child via the stepfather's phone was a reasonable alternative to communicate with the child. The magistrate determined from the testimony it appeared the missed calls were isolated incidents and appeared to be for legitimate reasons rather than Mother interfering with Father's communication.

{¶ 18} The magistrate found the testimony and exhibits provided sufficient evidence of Mother's defense to any alleged contempt violations. The magistrate found Father did

not meet the standard for finding Mother in contempt. Despite Father's arguments to the contrary, the magistrate's decisions responded to all the material and determinative issues in the case.

{¶ 19} Father acknowledges the magistrate made significant findings. However, Father contends the magistrate should have filed supplemental findings of fact and conclusions of law that addressed additional issues, such as the specific terms of the agreement reached by the parties regarding the exchange of summer 2018 vacation time, how Father recanted this agreement, whether Mother violated the court order regarding Father's parenting time on Wednesday May 23, 2018 and if so, did Mother provide a legal defense? Finally, Father argues the magistrate should have addressed the total number of phone calls missed, the date of missed phone calls, the reason the phone calls were missed, and why those missed calls did not constitute contempt. Despite Father's argument that the findings of fact should have been more detailed, we find the magistrate's decisions provided sufficient detail for Father to challenge by way of objections the basis for that decision, as well as for this court to review and decide the issues on appeal. *McNeilan* at ¶ 43.

{¶ 20} Father argues the trial court did not address the magistrate's findings regarding his motion for contempt. However, this is not correct. The trial court determined the magistrate included more than sufficient requisite findings. Moreover, based on this court's review of the record before us,[5] the decisions of the magistrate and the trial court were explicit enough to give this court a clear understanding of the facts and grounds upon which the trial court reached its decision.

{¶ 21} Thus, we find that the magistrate's findings of fact and conclusions of law, with regard to the claims of contempt, outlined in the August 16, 2019 magistrate's decisions substantially complied with the rules, and additional findings of fact and conclusions of law were not necessary. Because the magistrate provided the requisite findings and conclusions, it is not necessary to determine, with regard to the claims of contempt, whether Father's requests for findings was timely or whether findings of fact and conclusions of law are required when deciding contempt motions. App.R. 12(A). The

---

[5] Father only provided an excerpt of the transcript of the May 1, 2019 hearing. For example, no testimony from Father's witness during the May 1, 2019 hearing was provided. The duty to provide a transcript for appellate review falls upon the appellant. *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980).

trial court did not err when it denied Father's motion to set aside the September 4, 2019 magistrate's notice that denied Father's requests for additional findings of fact and conclusions of law. Accordingly, Father's first assignment of error is overruled with regard to the claims of contempt.

{¶ 22} In his second assignment of error, Father contends the trial court erred when it granted Mother's motion to dismiss Father's objections to the August 16, 2019 magistrate's decisions. Mother argued that Father's objections to the magistrate's decisions were untimely. Father argued the trial court should have deemed the objections timely because he had attempted to file his request for findings of fact and conclusions of law in a timely manner. Assuming arguendo, with regard to the claims for contempt, that Father's request for findings of fact and conclusions of law was timely, because the magistrate had already provided sufficient findings and conclusions in the August 16, 2019 magistrate's decisions, the deadline for filing objections to the magistrate's decisions was not tolled. Therefore, Father's objections, with regard to the claims for contempt, filed on September 11, 2019, were untimely.

{¶ 23} This case is similar to *Kess v. Kess*, 5th Dist. No. 17 CAF 05 0076, 2018-Ohio-1370, where the appellant had filed a timely request for findings of fact and conclusions of law which was denied because the trial court found the magistrate's decision met the requirements of Civ.R. 53(D)(3)(a)(ii). Then, the appellant filed objections 26 days after the magistrate's decision was filed. The trial court rejected the appellant's objections as untimely.

{¶ 24} The Fifth District found the magistrate made sufficient findings of fact and conclusions of law as to the contested issues and the trial court did not err in denying the appellant's request for findings of fact and conclusions of law. The Fifth District then determined the appellant's objections were untimely—reasoning that the findings and conclusions were filed the day the magistrate filed the original decision. *See also CitiMortgage v. Kinney*, 8th Dist. No. 100099, 2014-Ohio-1725, ¶ 11-18; *Morgan Stanley Credit Corp. v. Fillinger*, 8th Dist. No. 98197, 2012-Ohio-4295, ¶ 14-17; *Whiteside v. Madison Corr. Inst.*, 10th Dist. No. 04AP-401, 2005-Ohio-1844, ¶ 4 (trial court determined untimely request for findings of fact and conclusions of law did not toll time for filing

objections and magistrate's decision included sufficient findings of fact, thus, granted motion to strike objections as untimely. This court found no abuse of discretion).

{¶ 25} We are persuaded by the Fifth District's reasoning in *Kess.* The plain language of Civ.R. 53(D)(3)(a)(ii) provides that if a party requests findings of fact and conclusions of law, the time to file objections runs when the findings of fact and conclusions of law are filed. In this case, the findings of fact and conclusions of law, with regard to the claims for contempt, were filed on August 16, 2019. Although Father argues the magistrate's findings of fact and conclusions of law were insufficient, the trial court found and this court agrees that the findings of fact and conclusions of law in the August 16, 2019 decisions were sufficient under Civ.R. 53(D)(3)(a)(ii). Here, as in *Kess*, it appears Father did not agree with the findings of fact and conclusions of law reached by the magistrate and adopted by the trial court, but that does not impact the sufficiency of the findings of fact and the conclusions of law issued in the magistrate's decisions. Father should have filed timely objections to the magistrate's decisions and supplemented those objections if necessary. We find the trial court did not err in granting Mother's motion to dismiss Father's objections because the objections were untimely. Accordingly, Father's second assignment of error, with regard to the claims for contempt, is overruled.

### C. Father's Claims for Attorney Fees

{¶ 26} We have overruled the assignments of error with regard to Father's claims for contempt. However, Father also requested attorney fees in his (losing) contempt motion of July 11 and in his separate December 26, 2018 attorney fee motion that included a request for fees in response to Mother's contempt claims. The magistrate denied both motions in the two decisions filed August 16, 2019. However, neither decision contained any findings of fact or conclusions of law with regard to Father's claims for attorney fees. The facts expressed in explaining why Father lost on his own contempt motions suffice to show why he is not entitled to fees on those matters. But his December 26, 2018 motion also sought fees for his ultimately successful counter to Mother's contempt claims. And one of his two August 2019 requests for findings specifically targeted the denial of that December 26, 2018 motion for attorney fees. *Compare* February 25, 2020 Brief of Appellant at 39-40 (as limited to fee request regarding only fees for defense of "Mother's contempt motion against the Father"). Accordingly, the same reasoning addressed above

regarding the sufficiency of findings of fact and conclusions of law regarding Father's claims of contempt (targeted in Father's *other* request for findings) does not apply here.

{¶ 27} In the September 4, 2019 magistrate's notice, the magistrate denied the request for findings of fact and conclusions of law with regard to the contempt claims, but also then provided findings of fact and conclusions of law with regard to the claims for attorney fees.  The magistrate stated:

> Further, the request for attorney fees at issue was directly related to the contempt proceedings. The Magistrate found an insufficient basis to order attorney fees as requested herein. The parties had competing contempt motions. There was no finding of contempt for either party. Both parties were represented by counsel and were held responsible for their own attorney fees. R.C. 3105.73 is not applicable under this juvenile matter and the Magistrate does not find that the requested attorney fees would be equitable under Franklin County Juvenile Rule 40, or otherwise.

(Notice at 1-2.)

{¶ 28} As noted above, a timely request for findings of fact and conclusions of law tolls the time for filing objections to the magistrate's decision. Civ.R. 53(D)(3)(b)(i) provides: "If a party makes a *timely* request for findings of facts and conclusions of law, the time for filing objections begins to run when the magistrate files a decision that includes findings of fact and conclusions of law."  (Emphasis added.)  Therefore, with regard to Father's claims for attorney fees regarding his defense against Mother's contempt claims, we must determine whether the trial court erred or abused its discretion, when, on the grounds of untimeliness it: (1) denied Father's motion to set aside the September 4, 2019 magistrate's notice, and (2) granted Mother's motion to dismiss Father's objections to the August 16, 2019 magistrate's decisions.  Here, timeliness of the objections depends on timeliness of the separate request for findings of fact and conclusions of law with regard to the attorney fee issue.

{¶ 29} As outlined above, Father attempted to file his two requests for findings of fact and conclusions of law on August 23, 2019.  Had the clerk of courts accepted such filings, they would have been timely.  But, according to Father, the clerk sent Father two e-mails, one noted in the subject line "received notice," and the other noted in the subject line "non-acceptance notice."  (Pltf.'s Memo. Contra Mot. to Dismiss Objs., Exs. A & B.)  Both

e-mails identified the "document type" as a "motion."  The non-acceptance notice further stated:  "All of our motions require a request for hearing or a proposed order or entry to be filed with it."  (Ex. B.)  On August 27, 2019, Father refiled and included a proposed entry. At the hearing before the trial court, Father entered these e-mails into evidence and further stated as follows:

> On August 27th, I received a rejection from the Clerk's Office specifically from Scott Wickemeier, which I appreciate and can put this on the record, I appreciate him putting his name and his phone number because we don't often get that when we get a rejection and we're kinda (sic) wondering why things happen. So, I did contact Mr. Wickemeier at the Clerk's Office and he said that he actually had to reject the request for the Findings of Fact and Conclusions of Law because I needed to attach with that an Proposed Entry requesting a hearing or a Proposed Entry granting my request for the Findings of Fact and Conclusions of Law. I disagree with Mr. Wickemeier just based on my previous experience. I've never had to do that before because we were not asking for a hearing on a request for the Findings and Conclusions because we felt that we were going to get the Findings and Conclusions; we don't feel that the Magistrate had any - - had any discretion to issue those. So also, no need to submit a Proposed Entry to grant a request because just the issuance of the Findings and Conclusions themselves, would be granting the request and that would just tie off the motion. But he said he couldn't go back because the motions - - or the request had already been denied but he said "not a problem, go ahead and refile and just submit the proposed entries with [y]our request for the Findings of Fact and Conclusions of Law", which I said, "easier said than done" because in this case I expected that there was going to be some type of objection or some filing based upon the timeliness issue. So, despite the fact that we feel we timely filed on August 23rd, I refiled as soon as I spoke to Scott Wickemeier. I refiled the same day, the same exact Findings of Fact and Conclusions of Law, the request, but I also included Proposed Entries then scheduling a hearing. And then you can see on Exhibit B, where I had the rejection from Scott Wickemeier and Exhibit C is the actual refiling then of the same motions with the exception of the addition of the attached Proposed Entries on August 27th. Mr. Wickemeier also did advise that he has had this happen in the past, not just with objections but many pleadings and it shouldn't be an issue, that all I should have to do is provide the Court with the information and the

email, which I have here, my email notification that I did actually file on August 23rd.

(Oct. 22, 2019 Tr. at 6-8.)

{¶ 30} Father argues the clerk of courts improperly rejected the documents he filed on August 23, 2019 and therefore the trial court abused its discretion in refusing to treat his requests as timely filed.

{¶ 31} Father admits that his counsel "contributed to the confusion regarding the nature of his documents by titling both of his requests for findings and conclusions as '*Motion* Of Plaintiff Anthony Slosser For Findings Of Fact And Conclusions Of Law.' " (Emphasis added.) (Appellant's Brief at 23.) Father argues however, notwithstanding how Father titled his documents, the clerk should have determined the documents were a "request," not a "motion," and therefore the clerk should not have rejected the documents on grounds of not being in compliance with the rules applicable to motions.

{¶ 32} In support of his argument that the clerk improperly rejected his August 23, 2019 filings, Father argues that "[i]n determining the nature of a document a court (*or a clerk*) must look at the entire document, not just the first word of the title." (Emphasis added.) (Appellant's Reply Brief at 1.) Father's argument is based on case law holding that the nature of a pleading is controlled by its substance rather than its caption. (*See* Appellant's Reply Brief at 1, citing *Properties Research, Inc. v. Young,* 8th Dist. No. 49083 (May 9, 1985.) It is important to remember, however, that clerk of courts do not have the same discretion as a court. This court recently held in *Hillman v. O'Shaughnessy*, 10th Dist. No. 16AP-571, 2017-Ohio-489, ¶ 11:

> [A] 'clerk of courts is a ministerial officer, one who performs a fixed and designated function that involves no exercise of discretion.' *State v. Wilson*, 102 Ohio App.3d 467, 471, 657 N.E.2d 518 (2d Dist.1995); *Lingo v. State*, 138 Ohio St.3d 427, 2014-Ohio-1052, ¶ 34, 7 N.E.3d 1188 ( 'A clerk of courts has no discretion.'). He or she functions as an arm of the court, performing such duties as retaining custody of the court's records, filing the court's papers, and collecting costs. *Wilson*; *Lingo*; *State ex rel. McKean v. Graves*, 91 Ohio St. 23, 24, 109 N.E. 528 (1914). 'The clerk is not a judicial officer, and cannot perform judicial duties or act in exercise of the judicial power.' *Wilson* at 472.

{¶ 33} Keeping in mind the role and limited discretion of the clerk, we examine several rules and administrative orders relevant to a determination of whether the clerk improperly rejected Father's documents and whether the trial court abused its discretion in determining Father's requests for findings of fact and conclusions of law, filed August 27, 2019, were untimely.

{¶ 34} Loc.R. 42 of the Franklin County Court of Common Pleas, Juvenile Court ("Local Juv.R.") regarding Electronic Filing states:

> All documents filed electronically shall conform substantially to the requirements of these Local Rules and the most current version of the Court's Administrative Order Regarding Electronic Filing of Court Documents. The filing party (including counsel) shall be responsible for determining the most current version of the Administrative Order and complying with it.

{¶ 35} This court takes judicial notice that the Administrative Order in effect at the time Father filed his requests for findings of facts and conclusions of law on August 23, 2019 was the May 23, 2017 version, Third Amended Administrative Order, Juvenile Branch ("administrative order"), *In re: Electronic Filing of Court Documents*, which is posted on the trial court's website as still in effect. Several sections of the administrative order apply here.

{¶ 36} Section II of the administrative order is titled "Definition of Terms." Thereunder, division C states:

> **Clerk Review**. A preliminary review of electronically submitted documents by the Clerk in accordance with Court rules, policies, procedures and practices. Court clerks will preliminarily review the data and documents to ensure their compliance with Court rules, policies and procedures prior to accepting the documents and sending them to the Case Management System and Document Management System. If the submitted documents comply with the applicable Court rules, policies and procedures, they will be accepted by the Clerk for e-Filing. If the submitted documents do not comply with the applicable Court rules, policies and procedures , they will not be accepted for e-Filing and the Clerk shall notify the filer of the deficiency or problem with the submission.

{¶ 37} Section IX of the administrative order is titled "Filing Date and Time of Electronically Filed Documents." Thereunder, paragraphs one, two, and four state:

1. The e-Filing System is hereby appointed the agent of the Clerk for purposes of electronic filing, receipt, service and retrieval of electronic documents. Any document submitted electronically to Juvenile Court will not be considered filed until accepted at Clerk Review, however once accepted it will be deemed filed (except as provided in #3 below) and contain an electronic stamp of the date and time *it was submitted.*

2. Upon receipt of submitted documents the e-Filing System will issue a confirmation that the documents have been received unless the user has elected not to receive email confirmations in their profile. The confirmation shall include the date and time of receipt. An e-Filer will receive subsequent notification through the e-Filing System that the documents have been accepted or rejected for filing. When accepted each document will receive an electronic stamp. This stamp will include the date and time the document was submitted by the filer.

\* \* \*

4. In the event the Court rejects a submitted document following Clerk Review, the document shall not become part of the Official Court Record and the e-Filer will be required to re-submit the document to meet filing requirements.

(Emphasis sic.)

{¶ 38} Section XVI of the administrative order is titled "User Filing Errors and Technical Problems." Thereunder, division A states:

**User Filing Errors**

Once a document is submitted and becomes part of the case docket, corrections to the docket are made only by the Clerk's office. A filer cannot make changes to any document once it has been submitted and accepted for filing.

A document that is incorrectly submitted for e-Filing (e.g., as a result of entering a wrong case number, attaching an incorrect PDF file to a submission for e-Filing, or where the electronic file is corrupt or unreadable) will be rejected and the filer will be notified of the error(s) and the need to re-submit.

If the filer discovers an error in their submission that may be corrected, such as having chosen the incorrect document type

> the filer should, as soon as possible after the error is discovered, contact the Clerk's office and provide the case number and document number for which a correction is being requested. If the Clerk discovers the error after it has been accepted, the Clerk shall immediately notify the filer of the error and the need to resubmit, if appropriate. The Clerk will not delete the relevant docket text, but will annotate the docket with a Notice of Correction to show the deletion, the reason for deletion, and that the filer has been notified. If appropriate, the Court will make an entry indicating that the document was filed in error.
>
> However, once a document has been accepted for e-Filing by the Clerk, only a Judge can strike the document in the event it has been filed in error.

{¶ 39} The documents filed by Father on August 23, 2019 were designated as document type: motion. Regardless of whether the documents filed August 23, 2019 are determined to be "motions" or "requests," neither the trial court nor the parties pointed to any rule or authority for the clerk to require a request for a hearing or proposed findings in the circumstances of this case.

{¶ 40} If deemed a motion, Mother points to Local Juv.R. 11 states in relevant part:

> All Motions shall be made in writing in accordance with Rules 19[6] and 22[7] of the Ohio Rules of Juvenile Procedure unless otherwise permitted by the Court. The Motion shall be supported by a memorandum containing citations of authority and may also be supported by an affidavit. Except as provided in Local Rules 5(D) and 6(G), all *pretrial* Motions shall be set for an oral hearing by the moving party and shall be scheduled with the assignment office at the time of filing. Except as provided in Chapter 2152 of the Ohio Revised Code, the moving party shall give notice of hearing to all other parties, including the Guardian ad Litem. Oral hearings may

---

[6] Juv.R. 19 states: "An application to the court for an order shall be by motion. A motion other than one made during trial or hearing shall be in writing unless the court permits it to be made orally. It shall state with particularity the grounds upon which it is made and shall set forth the relief or order sought. It shall be supported by a memorandum containing citations of authority and may be supported by an affidavit.

To expedite its business, unless otherwise provided by statute or rule, the court may make provision by rule or order for the submission and determination of motions without oral hearing upon brief written statements of reasons in support and opposition."

[7] Juv.R. 22 addresses pleadings and motions; defenses and objections. Division (D) addresses "prehearing" motions; Division (E) addresses motion time; Division (F) addresses the state's right to appeal upon granting a motion to suppress; and Division (G) addresses motions by alleged victim.

> be waived by agreement of all parties and the Trial Magistrate
> or Judge.

(Emphasis added.)

{¶ 41} Local Juv.R. 11 states that "pretrial" motions shall be set for oral hearing. However, the motion filed by Father for findings of fact and conclusions of law was filed after the magistrate held the hearing on the motions for contempt and attorney fees. Therefore, it appears the requirement that a request for oral argument must be filed upon the filing of a motion does not apply in this circumstance.

{¶ 42} If deemed a "motion," Local Juv.R. 28 requires that counsel "in whose favor an order, decree, or judgment is rendered, shall within five (5) days thereafter prepare the proper journal entry, and submit it to the counsel for the adverse party." Local Juv.R. 28 applies once the court has rendered its ruling. The magistrate had yet to render any ruling on the requests for findings of fact and conclusions of law. Therefore, it appears the requirement that a proposed entry must be filed upon the filing of a motion does not apply in this circumstance.

{¶ 43} If deemed a "request," Civ.R. 53(D)(3)(a)(ii), regarding requests for findings of facts and conclusions of law, states:

> Subject to the terms of the relevant reference, a magistrate's decision may be general unless findings of fact and conclusions of law are timely requested by a party or otherwise required by law. A request for findings of fact and conclusions of law shall be made before the entry of a magistrate's decision or within seven days after the filing of a magistrate's decision. If a request for findings of fact and conclusions of law is timely made, the magistrate *may* require any or all of the parties to submit proposed findings of fact and conclusions of law.

(Emphasis added.) Juv.R. 40(D)(3)(ii) states the same. These rules authorize that a magistrate "may" require proposed findings of fact and conclusions of law, but does not require the same. Therefore, it appears the requirement that a proposed entry must be filed upon the filing of a request does not apply in this circumstance.

{¶ 44} Taking all this into consideration, as neither the trial court, nor the parties pointed us to any authority for the clerk's non-acceptance of the August 23, 2019 filings, and our review of the Ohio Civil Rules, Ohio Juvenile Rules, and Local Juvenile Rules does

not reveal any such authority under these circumstances, we determine the clerk improperly did not accept Father's documents filed on August 23, 2019. Therefore, the trial court erred in denying Father's motion to set aside on the grounds of untimeliness. Accordingly, with regard to the claims for attorney fees as to which the magistrate had not set forth sufficient facts at least until September 4, 2019, we sustain the first assignment of error.

{¶ 45} As Father's requests for findings of fact and conclusions of law with regard to Father's claims for attorney fees were timely filed, we must consider whether the September 11, 2019 objections were timely filed. As noted above, Civ.R. 53(D)(3)(b)(i) provides: "If a party makes a timely request for findings of fact and conclusions of law, the time for filing objections begins to run when the magistrate files a decision that includes findings of fact and conclusions of law." Juv.R. 40(D)(3)(b)(i) states in relevant part: "If a party makes a timely request for findings of fact and conclusions of law, the time for filing objections begins to run when the magistrate files a decision that includes findings of fact and conclusions of law." The magistrate issued findings of facts and conclusions of law with regard to Father's claims for attorney fees in the September 4, 2019 magistrate's notice. Therefore, the time for filing objections with regard to Father's claims for attorney fees began to run on September 4, 2019. Father filed his objections on September 11, 2019. Father met the 14-day deadline for filing objections. Accordingly, with regard to the claims for attorney fees, we sustain the second assignment of error. We remand the objections and supplemental objections to the trial court to rule on those objections, or portions thereof, that specifically address the magistrate's findings of facts and conclusions of law regarding Father's claims for attorney fees with regard to his defense against Mother's contempt claims. We do not mean by this order to preclude the trial court ultimately from adopting an assessment similar to (or different from) that expressed in the Magistrate's September 4, 2019 fees discussion; we mean only to say that the court's untimeliness rationale for rejecting Father's fee claim is not tenable and the trial court must evaluate and assess the issue within the proper framework.

## IV. Conclusion

{¶ 46} For the foregoing reasons, appellant's two assignments of error are overruled in part and sustained in part and the judgment of the Franklin County Court of Common

Pleas, Division of Domestic Relations, Juvenile Branch is affirmed in part and reversed in part and the December 10, 2019 decision and judgment entry is remanded to that court to proceed in a manner consistent with law and this decision.

*Judgment affirmed in part*
*and reversed in part; cause remanded.*

SADLER and NELSON, JJ., concur.

————————————